## COMMONWEALTH *vs.* MICHAEL McLAUGHLIN.

At the trial of a complaint for carrying intoxicating liquor with reasonable cause to believe that it was intended to be sold in violation of law, evidence is admissible that liquor was sold at two places where the liquor was left by the defendant, and that one of them was a beer shop, although the defendant did not see any sales there.

To a complaint for carrying intoxicating liquor with reasonable cause to believe that it was intended to be sold in violation of law, from place to place in a city where it was not lawful to sell such liquor, it is no defence that it was lawfully sold in another city to the person to whom the defendant was carrying it.

COMPLAINT on the St. of 1869, *c.* 415, § 39, to the police court of Chelsea, that the defendant on August 17, 1871, did carry certain intoxicating liquor from place to place in that city, he then and there having reasonable cause to believe that it was then and there intended to be sold in violation of the laws of the Commonwealth.

At the trial in the superior court on appeal, before *Pitman, J.,* it appeared that the defendant, who was a driver for a dealer in ale in Boston, drove a wagon load of ale through the streets of

Chelsea, and made deliveries therefrom at two places. The Commonwealth was allowed, against the objection of the defendant, to introduce evidence that those places were places where liquor was sold, and that one of them was a beer shop. There was no evidence of any sale there in the presence of the defendant. It was admitted that the ale had been lawfully sold in Boston. The defendant requested the judge to rule "that a lawful sale in Boston made it lawful to deliver the goods or to convey them from place to place anywhere." But the judge refused so to rule, and ruled "that, it being unlawful to sell in Chelsea, the sole question was whether the defendant was conveying the liquors within that city from place to place, and delivering to others whom he had reasonable cause to believe intended to sell the same in violation of law therein." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. Sennott*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The evidence offered, tending to prove that the defendant drove a wagon load of ale through the streets of Chelsea, where it was illegal to sell ale, and made deliveries therefrom at two places, that they were places where liquor was sold, and that one of them was a beer shop, was clearly competent, as it tended to prove the offence charged.

The evidence that the ale had been lawfully sold in Boston did not tend to establish a justification or excuse for the act of the defendant in Chelsea. The ruling on that subject was correct.

*Exceptions overruled.*