## COMMONWEALTH *vs.* JEREMIAH LOCKE.

An allegation in a complaint under St. 1869, c. 415, § 37, for receiving for conveyance liquors, unlawfully sold or intended for unlawful sale, which charges that the defendant received the liquors, "said liquors being intended for illegal sale," "and said liquors having been sold" contrary to St. 1869, c. 415, sets forth an offence punishable by law.

The St. of 1873, c. 42, takes from cities and towns the power to license the sale of ale, porter and beer; and their illegal sale is punishable under St. 1869, c. 415.

In a complaint under St. 1869, c. 415, § 37, prescribing a penalty for receiving for conveyance liquors unlawfully sold, a failure to negative an authority to sell, if it be a defect, is a defect of form.

Under St. 1869, c. 415, § 37, making it an offence to receive for the purpose of conveying to another person liquor intended for sale contrary to the act, the offence consists in receiving for the purpose of conveying to a purchaser, and thus completing the intended sale; as the purchaser's intention with regard to the liquor is immaterial, it is not necessary that he should be named or that his authority to sell should be negatived in the complaint.

Evidence that a wagon containing ale was standing before a grocery store connected by a door with a bar room in which liquor had been seized; that the person in charge of the wagon was in the store; that when arrested he said he knew it was illegal to carry ale, and he expected to get caught, in connection with the fact that he did not attempt to prove an authority to sell, is evidence competent and sufficient to warrant his conviction under St. 1869, c. 415, § 37, of illegally receiving liquors for transportation.

The burden of proving a want of authority to sell intoxicating liquor is upon the government, but the want of authority may be inferred from circumstances.

One who has requested an erroneous ruling cannot object that his request was complied with.

COMPLAINT to the Police Court in Cambridge, made May 9, 1873, alleging that the defendant, May 7, 1873, at Boston, in the

county of Suffolk, " unlawfully did receive certain intoxicating liquors, to wit, three gallons of lager bier in twenty-four bottles, nine gallons of porter in forty-eight bottles, three gallons of ale in twelve bottles, for the purpose, then and there, of conveying said liquors to some person whose name is to the complainant unknown, and was. then and there conveying said liquors in Cambridge, in the county of Middlesex, on Spruce Street in said Cambridge, to said person whose name is to the complainant unknown, said liquors being intended for illegal sale in this Commonwealth, contrary to the provisions of chapter 415 of the statutes of eighteen hundred and sixty-nine of said Commonwealth, and said liquors having been sold in said Commonwealth contrary to the provisions of said chapter, and he, the said Locke, then and there having reasonable cause to believe that said liquors had been so sold and are so intended for sale as aforesaid, against the peace of the said Commonwealth, and the form of the statute in such case made and provided."

In the Superior Court, before the jury was empanelled, the defendant moved the court to quash the complaint on the grounds that there was no person named to whom the liquors were in process of transportation ; that there was no offence punishable by any law of the Commonwealth set forth in the complaint; that the penalties of St. 1869, *c.* 415, did not extend to sales or transportations of ale, lager bier, and porter; that an allegation of receiving for the purpose of conveying contrary to the provisions of chapter 415 of the statute of 1869 did not describe any illegal act; that the allegations that the liquors had been sold and that they were intended to be sold were bad for duplicity; that if the allegation that the liquors had been sold should be rejected as surplusage, then the allegation that the liquors were intended for sale would be bad for not stating by whom they were intended to be sold ; and that if the complaint did sufficiently charge that the liquors were intended for sale by an unknown person, yet the complaint was defective in not alleging in some form that such unknown person had no license or authority to sell.

It not appearing that any motion to quash was made in the court below, the court overruled the motion.

At the trial before *Pitman*, J., the prosecution introduced, as a witness, a state constable, who testified that he seized on or about May 7, 1873, the ale, lager bier and porter mentioned in the complaint, on Spruce Street in Cambridge; that it was on a wagon used for carrying spruce beer, mineral water, &c., and was marked "Coburn, Lang & Co., Worcester St., Boston;" that he did not know Coburn, Lang & Co., and had not known the defendant before that day; that the wagon stopped before a grocery store kept by one Mrs. O'Connor; that in a room adjoining the grocery was a bar room entered by a door leading from the grocery; that he did not go into the bar room, but had been there before and since; that he had seized liquor in the bar room twice, once before and once since May 7; that he had seized whiskey, gin, rum and brandy the first time, and the second time the same liquors and ale; that, as near as he could recollect, the defendant came out of the store; that he called him out; that the defendant said he had ale and lager bier in the smaller bottles, and that he, the witness, saw the porter; that he thought the defendant said he knew it was illegal to carry ale, and that he expected to get caught; that he did not say where the liquor was going; that he, the witness, seized the liquor, and the defendant carried it in his wagon for him to the station-house, without making objection; that he told the defendant he was a state constable; that when he first saw the team, the defendant was in the grocery store; that he did not think he had seen the defendant or the team before, and that his attention had not been called to the team before May.

On cross-examination, he said that he saw nothing carried into or brought out from the store; that he did not see the team in motion until it was driven to the station-house.

This was all the testimony for the government.

The defendant moved the court to direct a verdict of not guilty, because there was no evidence from which the jury would be authorized to find to whom or to what place the liquor was being transported, nor evidence of any intent on the part of

any person, known or unknown, to sell the liquor in violation of any law; and because it was incumbent on the government to prove that the liquor was being transported to some person or persons, and that such person or persons had no license or authority to sell the same; and because the government had offered no evidence to prove any offence punishable under the statute of 1869.

The court declined to grant the motion, whereupon the defendant asked the court to rule and instruct the jury as follows:

" 1. The government must prove in this case that the liquor mentioned in the complaint was in process of transportation to some particular person.

" 2. That that person intended to sell the liquor in violation of law.

" 3. That the defendant had reasonable cause to believe that that particular person intended to sell the same in violation of law.

" The government must also negative the license or authority of the person who is intending to sell the same. Chapter 121 of 1864 only throws the burden upon a defendant who relies for justification upon his own license. It does not require any defendant to prove the license or authority of a third person, in a case like this, where the defendant is only punishable for a guilty knowledge of another person's illegal intention. Illegal intention could only exist in the absence of a license or authority on the part of such third person; such absence of license or authority cannot be presumed, but must be proved, and this before any evidence can be offered of the defendant's knowledge or cause of belief on the subject of such third person's intention.

" That the declarations of the defendant were only competent tc prove his knowledge or belief; that they did not tend to prove the intention of the party to whom the liquors were in process of transportation; that to lay a foundation for the introduction of testimony to defendant's declarations, proof must first be made of the intent of the third party mentioned in the complaint to sell in violation of law."

The court gave the first instruction prayed for, omitting the word "particular," and also gave the second and third instructions, but added, that it was not necessary the jury should be able to designate from the evidence the person to whom the liquor was going, or who intended to sell it; that the jury must find that the liquor had been sold by some person in violation of law, or was intended to be sold by some person in violation of law, but they need not know who the person was; that the charge of the complaint was substantially that the defendant was conveying liquor which had been illegally sold to the purchaser thereof, or which was to be illegally sold by the person to whom it was being conveyed, he having reasonable cause to know the same.

As to the license, the court charged that while the government must negative the license or authority of the person by whom the liquor was intended to be sold, such proof need not be made by direct evidence, but that the want of license or authority might be inferred by the jury from the circumstances of the case; and that in this case, as in others, it was a question for the jury whether the persons intending to sell the liquor were authorized to sell in any of the ways mentioned in the statute.

The last instruction prayed for by the defendant's counsel was refused, and the jury were instructed that the defendant's statements to the officer were competent evidence to prove as against himself both the fact that the liquor was intended for sale in violation of law, and that the defendant knew of the illegal intention.

*W. W. Warren*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. The allegation of the complaint, that the liquors had been sold or were intended for sale contrary to the provisions of the St. of 1869, *c.* 415, sufficiently sets forth an illegal sale or intended sale, and thus makes criminal the charge against the defendant.

The St. of 1871, *c.* 334, §§ 1 and 4, restored ale, porter, strong beer and lager bier to the class of liquors to be considered intoxicating, and, as such, subject to the prohibitions contained in St. 1869, *c.* 415; and repealed §§ 2 and 3 of St. 1870, *c.* 389

Sections 2 and 3 of the St. of 1871, were provisions in the na ture of a power to license, and did not repeal the prohibitions or penalties of the act of 1869. Those prohibitions and penalties remained in full force, except that they were inapplicable as to ale, porter, strong beer and lager bier, in those towns and cities which should so vote, and for the period during which the vote had effect. At the time of the offence complained of there remained no authority in cities or towns to permit sales, the provisions therefor having been repealed by St. 1873, *c.* 42, and any permission of the previous year having expired on the first Tuesday of May.

In respect of any defects of form in the complaint, the motion to quash was made too late.

The omission of an allegation negativing authority to make sales, if a defect at all, is a defect of form. The alleged sale and the alleged intended sale are averred to be contrary to the statute and illegal. The sale is not the offence with which the defendant is charged.

The complaint must be regarded as made under section 37 of the St. of 1869, *c.* 415. The offence there defined is that of receiving liquor that is the subject of an illegal sale already made or intended to be made, for the purpose of conveying it to the purchaser, other than himself. The illegality underlying this offence is that of the sale which has been or is intended to be made, and to be thereby carried into effect. It is immaterial whether the purchaser intends to sell again or not; and, of course, immaterial whether the purchaser has a license, or would be authorized to sell. The name of the particular person, to whom the delivery is intended to be made, need not be alleged or proved. The carrier may have been employed or intrusted with authority to deliver to any one who would purchase from him. If such a sale would be illegal when made, then the offence charged in this complaint would be complete immediately upon receipt of the liquor for such purpose, although it was not then known who might become the purchaser.

The evidence as reported would warrant a jury in finding that the defendant was thus engaged in carrying into effect an illegal

sale of liquor. That a sale had been made, or was intended, was a natural and obvious inference from the situation in which the liquor was found. That it was not a sale within any of the limited exceptions authorized by the statute might be presumed from the circumstances, including the character of the liquor. If the seller had been a person authorized to make such a sale, that was a fact which might fairly be supposed to be within the knowledge or means of knowledge of the defendant, and his omission to produce any evidence thereof might be taken to aid the inferences from the other circumstances. For the same reason any word or act of his, in the nature of confession that his conduct was illegal, would be competent to show not only that he had cause to believe that the liquor had been or was intended to be illegally sold, but also to show that such sale or intended sale was in fact an illegal one. The burden of proving affirmatively that the sale or intended sale was in violation of law, by negativing the authority or license of the person by whom it was made or intended, was placed upon the government; but the court rightly ruled that it need not be proved by direct evidence, but might be inferred from circumstances.

The testimony as to the character of the place before which the wagon was found was competent, as tending to show that a sale was intended. So far as it tended also to show that such a sale there would be to a person who intended to sell again illegally, it was immaterial under § 37. But the exception goes only to the admission of the testimony; and it was admissible for the purpose first named.

The defendant having requested the court to rule that the government must prove that the person, to whom the liquor was to be delivered, intended to sell the same in violation of law, cannot object because such a ruling was given; nor because the court instructed the jury that that proposition was embraced in the charge against the defendant. In other respects we find no error in the rulings and instructions at the trial.

*Exceptions overruled.*