## COMMONWEALTH *vs.* JOHN KENNEY.

Middlesex.   March 31.— June 20, 1874.   AMES & DEVENS, JJ., absent

On the issue whether the defendant had reasonable cause to believe that certain intoxicating liquor conveyed by him to a house was intended to be sold in violation of law, evidence is admissible, in the absence of any evidence of a change in the use of the building, that four months before the act of the defendant the house was used as a place for the sale of intoxicating liquors; and that at the time when the defendant conveyed said liquors he had in his wagon another jug of liquor marked with the name of a person shown to be a seller of intoxicating liquors.

COMPLAINT to the Charlestown Police Court under the St. of 1869, *c.* 415, § 39, averring that the defendant on August 9, 1873, did carry intoxicating liquor to a certain house in Charlestown, "having reasonable cause to believe that the same had been sold and was intended for sale" in violation of law.

At the trial in the Superior Court, on appeal, before *Bacon,* J., evidence was offered, and admitted against the objection of the defendant, that the premises described in the complaint had been used as a place for the sale of liquor about four months before the time of this complaint; and that at that time a seizure of liquors had been made on said premises; evidence was also admitted, against the objection of the defendant, that at the time when the defendant delivered the liquor at the house mentioned in the complaint, he had in his wagon a jug of liquor marked "Cassidy," and that Cassidy was the name of a man who kept a liquor shop and bar room.   The jury returned a verdict of guilty, and the defendant excepted.

*I. S. Morse,* for the defendant.

*C. R. Train,* Attorney General, *&* *W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

COLT, J.   The whole evidence upon which this verdict was rendered is not reported.   We cannot see that the evidence objected to was not admissible in the discretion of the presiding judge, as having a tendency, not too remote, to prove one or more of the propositions necessary to the defendant's guilt.

A description of the premises as they were some few months before, with no evidence of change, would have a tendency to show that they were used for the same purpose.

The fact unexplained that the defendant was conveying at the same time in the same wagon other jugs of liquor to other persons engaged in its unlawful sale, would as one circumstance tend to prove that the defendant had reasonable cause to believe that the liquor transported by him was intended for sale contrary to law. *Commonwealth* v. *Commeskey*, 13 Allen, 585. *Briggs* v. *Rafferty*, 14 Gray, 525.                                    *Exceptions overruled.*