SANFORD D. SWEETSER *vs.* DANIEL W. BATES & wife.

Hampshire.    Sept. 16, 1874. — May 7, 1875.    WELLS & MORTON, JJ., absent.

On the issue whether the conveyance of a parcel of land was void, as being in fraud of creditors, evidence that the grantor made a mortgage of personal property some months after the conveyance, and that it covered all the property of the grantor then subject to be taken on execution, is competent to show the amount of the grantor's property at that time, and has some tendency to show his condition as to solvency at the time of making the conveyance in question.

On a writ of entry to determine the issue whether the conveyance of a parcel of land was void, as being in fraud of creditors, a bill of exceptions stated that the demandant put in evidence, subject to the tenant's exception, the declarations of the grantor in relation to his title made after the date of the deed. *Held,* that the bill disclosed no ground of exception.

On the issue whether the conveyance of a parcel of land was void, as being in fraud of creditors, evidence of the general reputation, as to credit and pecuniary responsibility, of all the parties to the transaction, is admissible.

WRIT OF ENTRY to recover a parcel of land in Southampton. Plea, *nul diseissin.* Trial in the Superior Court before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows :

The demandant claimed title by virtue of a levy of an execution on March 28, 1873, against Stephen Bates and Daniel W. Bates, on their equity of redemption in the demanded premises, the same having been attached on mesne process on October 7, 1872.

The demandant put in evidence a deed of the demanded premises from the said Stephen and Daniel W. to William H. Tyler, and a deed from Tyler to Martha M. Bates the wife of Daniel W., both dated April 15, 1872, reciting the payment of $3000, and that the grantee assumed and agreed to pay a mortgage on the premises for $1000.    The demandant contended that these deeds were void, being in fraud of creditors, and that the premises were held on a secret trust for Stephen and Daniel W. Bates.

The demandant also put in evidence, against the tenants' objection and subject to their exception, the record of a mortgage of personal property from Daniel W. Bates to one Atkins, dated September 5, 1872, just before the maturity of the notes which constituted the cause of action in the original action on which the execution was issued, on which the levy was made, and there was evidence tending to show that it was an entire divestment of all

the property of the tenants subject to seizure on execution. This mortgage was to secure a note to Atkins for the sum of $1300. There was no evidence that this mortgage was not made in good faith and for a valuable consideration.

The demandant also put in evidence, against the objection of the tenants that such declarations could not affect the rights of Martha M. Bates, and subject to their exception, the declarations of Stephen and Daniel W. Bates in relation to their title made at a period subsequent to the date of their said deed, and while they were in possession and occupancy of the place.

The demandant also put in evidence, against the objection of the tenants and subject their exception, evidence as to the general reputation of Stephen Bates, Daniel W. Bates, William H. Tyler, and Martha M. Bates, in the places where they respectively resided at the time of said conveyance, as to their pecuniary responsibility, that it was bad.

There was also evidence tending to show that at the time of the conveyance Daniel W. and Stephen Bates were in debt beyond their ability to pay ; and that said Stephen, Daniel W. and Martha M. Bates were living on said premises the same as before said deeds.

There was no other evidence as to the consideration of said deeds to Tyler and Martha M. Bates than the foregoing, or as to the participation of said Tyler and Martha M. Bates in any fraud of said Stephen and Daniel W. Bates in making said conveyances, except such as is above specified.

The tenants offered no evidence ; the case was submitted to the jury under instructions not excepted to ; a verdict was ren dered for the demandant ; and the tenants alleged exceptions

*D. W. Bond & J. B. Bottum*, for the tenants.

*W. G. Bassett*, for the demandant.

COLT, J. The mortgage of personal property, which was given some months after the alleged fraudulent conveyance, was not admissible as an act or declaration of the grantor in that conveyance, to impeach the title of the tenant. It had no tendency to show fraudulent participation on the part of the tenant. But the evidence does not appear to have been admitted for that purpose ; it was accompanied by further evidence that the mortgage then made covered all the property of one of the grantors

then subject to be taken on execution; it was thus made the means of measuring the amount of his property at that time, and had some tendency to prove his condition as to solvency at the time of making the deed in question.  *Otis* v. *Hadley*, 112 Mass. 100.  If the evidence was admissible for any purpose, there is no ground of exception, unless the judge refused to limit its application.  In the absence of anything in the exceptions showing the contrary, it must be presumed that the proper limitation in the use of it was given.  *Earle* v. *Earle*, 11 Allen, 1.

The other declarations of the grantors made while they occupied the premises, but subsequent to the date of the deed, would not be admissible to impeach an otherwise valid title.  But the case does not show what the declarations objected to were, or that they were in any degree prejudicial to the tenant.  The party excepting must show that he has been prejudiced by the ruling.  *Kershaw* v. *Wright*, 115 Mass. 361.

Evidence of the general reputation of all the parties to the alleged fraudulent transaction, as to their credit and pecuniary responsibility, was properly admitted.  The general reputation of the grantors in this respect was a fact which, with other circumstances, would have some tendency to show that the tenant must have understood their motives in making the conveyance, and might have participated in their unlawful purpose, and proof of the tenant's want of credit would have a tendency to prove that the conveyance would not have been made in good faith to her in sole reliance upon her future ability to pay.  There was no evidence beyond the recital in the deed of the payment of the consideration named.  Fraud is usually proved by circumstances more or less remote; some of those circumstances, standing alone, may be of slight importance; but much must be left to the discretion of the presiding judge, who can better see the bearing of each particular fact upon the whole case.  And so it was held in *Cook* v. *Mason*, 5 Allen, 212, which was a case like this, that evidence that the grantee's general credit was bad, though somewhat remote, could not be said to be incompetent.  And under our insolvent law it was settled that evidence of the debtor's general reputation for insolvency at the time of the conveyance was admissible as tending to prove the tenant's reasonable cause

then to believe the grantor's insolvency. *Lee* v. *Kilburn,* 3 Gray, 594. *Metcalf* v. *Munson,* 10 Allen, 491.

*Exceptions overruled.*