VIRGIL PERKINS & another *vs.* FORACE J. BARNES & trustees.

Hampshire.    Sept. 21. — Oct. 7, 1875.    AMES & DEVENS, JJ., absent.

In a trustee process, in which the trustee answers that he has no goods, effects or credits of the defendant in his hands, and that he has a mortgage from the principal defendant of some of the property attached in the action, evidence of the mortgagor's declarations subsequent to the mortgage, are inadmissible to defeat the title of the mortgagee.

TRUSTEE PROCESS.    Writ dated August 31, 1874.    Clark W. Fuller, summoned as trustee, answered, denying that, at the time of the service of the writ upon him, he had in his hands and possession any goods, effects and credits of the principal defendant, liable to be taken in said process; and alleging that he had a mortgage, a copy of which was annexed to his answer, given by the principal defendant, of certain goods, which had been specifically attached in this action, that he claimed these goods, and prayed that the court should order the plaintiffs to pay him the debt described in said mortgage, with interest thereon. The plaintiffs denied the validity of the mortgage, on the ground that it was made to defraud, delay and hinder the creditors of the principal defendant. An issue was framed and tried by a jury in the Superior Court, before *Allen,* J., who allowed a bill of exceptions in substance as follows:

The mortgage given by the principal defendant to Fuller was made on August 10, 1874, and there was evidence tending to show that the principal defendant soon afterwards suspended business for about three months, and then went on with his business as butcher and market-man under the style of " F. J. Barnes, Agent."

The plaintiffs called a witness and proposed to prove that on November 21, 1874, the principal defendant told the witness that he was doing business as " agent," that this was only a cover, and that he had been obliged to keep his property covered up to prevent it from being attached. This evidence was objected to, and the judge excluded it.

The jury returned a verdict in favor of the validity of the mortgage; and the plaintiffs alleged exceptions.

*D. W. Bond,* for the plaintiffs.

*C. Delano & J. C. Hammond,* for the trustee, were not called upon.

COLT, J. Fuller's title under the mortgage cannot be defeated by the subsequent acts or declarations of the mortgagor impeaching it as void against creditors of the mortgagor. *Winchester* v. *Charter,* 97 Mass. 140, is one of the latest of the cases in which this familiar rule is stated.

The case of *Sweetser* v. *Bates,* 117 Mass. 466, is cited by the plaintiffs in support of the proposition that subsequent acts are admissible for that purpose. In that case a mortgage of personal property made by the grantor some months after an alleged fraudulent deed of real estate was admitted. But there was evidence that it embraced all his property liable to be taken on execution at that time, and it was admitted only for the purpose of showing what property he then owned, as bearing upon his condition as to property at the time of the conveyance in question. His ability then to pay his debts was necessarily involved in the issue raised by the allegation that the conveyance was made to defraud creditors. The inquiry as to the amount of his property was material. And upon that question it was clearly within the discretion of the court to admit evidence showing the amount of his property shortly after, as well as shortly before, the conveyance, for the purpose of showing what it actually was at that time. In questions of fraud, some latitude must be allowed to

the judge who presides, and who must be presumed to have given a proper limitation to evidence of this description.

The general rule above stated is expressly recognized in the case cited; and that rule governs the present case, which shows no exception to it.                    *Exceptions overruled.*