## COMMONWEALTH *vs.* JOHN HARPER.

Worcester.   October 3. — 19, 1887.   C. ALLEN & KNOWLTON, JJ., absent.

At the trial of a complaint, under the Pub. Sts. *c.* 100, § 17, alleging that the defendant brought into a certain city spirituous and intoxicating liquors, he having reasonable cause to believe that such liquors were intended to be sold in violation of law, the evidence showed that the defendant brought into the city from a certain town various packages of liquors, some of which were consigned to one D. *Held*, that evidence of a police officer of the city, as to his search of D.'s place three days before the date of the defendant's alleged offence, as to what he found there, and as to D.'s acts and conduct, was competent. *Held*, *also*, that it was competent for the government to show, on the issue whether the defendant had reasonable cause to believe that D. intended to sell such liquors in violation of law, that, on the day of the alleged offence, D. was generally known and reputed to be a dealer in intoxicating liquors at his place.

MORTON, C. J.   This complaint, under the Pub. Sts. *c.* 100, § 17, charges that the defendant, on June 12, 1886, brought into Worcester spirituous and intoxicating liquors, he having reasonable cause to believe that such liquors were intended to be sold in violation of law.   The evidence showed that the defendant brought into Worcester from Millbury various packages of liquors, some of which were consigned to one Dolan.   It was necessary for the government to show that the consignee intended to sell the liquors in violation of law.   For this purpose the evidence of the assistant marshal, as to his search of Dolan's place on June 9, 1886, three days before the day on which the offence was alleged to have been committed by the defendant, as to what he found there, and as to Dolan's acts and conduct, was competent.   It tended to prove that Dolan kept a place for the sale of liquor, and that he intended to sell the liquor which the defendant was carrying to him.   *Commonwealth* v. *Locke*, 114 Mass. 288.   *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 386.   *Commonwealth* v. *McLaughlin*, 108 Mass. 477. *Commonwealth* v. *Kenney*, 115 Mass. 149.

It was competent for the government to show that, on June 12, 1886, Dolan was generally known and reputed to be a dealer in intoxicating liquors at his place.   It had some tendency to prove that the defendant, whose employment was carrying and

delivering liquor from a wholesale establishment in Millbury to various persons in Worcester, had reasonable cause to believe that the liquors he was carrying to Dolan were intended for sale in violation of law. It was not used to show that Dolan intended to sell in violation of law, but the court carefully confined it to the issue whether the defendant had reasonable cause of belief that it was intended for illegal sale. Upon this issue it was admissible. *Sweetser* v. *Bates*, 117 Mass. 466, and cases cited. *Exceptions overruled.*

*J. Hopkins*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.