COMMONWEALTH *vs.* ADOLPHUS LOEWE & another.

Middlesex.    December 6, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Evidence — Question for Jury — Reputation of Place for the Sale of Intoxicating Liquors.*

At the trial of a complaint for bringing intoxicating liquors from the town of A. into the town of B. to be there sold in violation of law, the government introduced evidence tending to prove that the defendant was bringing the intoxicating liquors into B. to a place belonging to a certain person, and that the place was used for the unlawful sale of such liquors. The defendant put in evidence tending to explain the testimony of the government witnesses, and to contradict the inferences to be drawn from it. *Held*, that it was for the jury to say whether they believed the explanation, and that they were not bound to believe it because it was not contradicted directly, or impeached. *Held, also,* that evidence of the reputation of the place at the time as a place where liquors were sold was admissible as tending to show that the defendant had reasonable cause to believe that the liquors were intended to be sold there contrary to law, the town being one in which licenses were not granted.

COMPLAINT, for bringing intoxicating liquors from the town of Acton into the town of Maynard, on July 7, 1893, the defendants having reasonable cause to believe that the same were intended for sale in Maynard in violation of law.

At the trial in the Superior Court, before *Lilley*, J., the jury returned a verdict of guilty against both defendants; and they alleged exceptions.

*T. Hillis*, for the defendants.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.

HOLMES, J. The government introduced evidence which, taken by itself, tended to prove that the defendants were bringing the intoxicating liquors into the town of Maynard to a place

belonging to one Julius Loewe, and that the place was used for the unlawful sale of such liquors. As we understand the exceptions, licenses of the first five classes named in Pub. Sts. c. 100, § 10, were not granted in Maynard at the time. The defendants put in evidence tending to explain the testimony of the government witnesses, and to contradict the inferences to be drawn from it, to the effect that the liquors were intended to be transported to a person having a license in another town, but it was for the jury to say whether they believed the explanation. The argument for the defendants assumes that the jury were bound to believe their testimony, because it was not contradicted directly, or impeached. Such is not the law. If in fact the liquors were intended to be sold in violation of law, evidence of the reputation of the place at the time was admissible as tending to show that the defendants had reasonable cause to believe that the liquors were intended to be sold there contrary to law. It was let in only for that purpose.* *Commonwealth* v. *Harper*, 145 Mass. 100. *Sweetser* v. *Bates*, 117 Mass. 466. *Killam* v. *Peirce*, 153 Mass. 502, 506.

<em>Exceptions overruled.</em>

---

* A police officer of the town of Maynard, called as a witness by the government, was asked in direct examination with reference to Julius Loewe and his premises: " Do you know whether or not Julius Loewe was on or about July, 1893, generally known and represented to be a dealer in intoxicating liquor at that place? " The witness answered, " Yes, he had the reputation of being a dealer in intoxicating liquor on those premises." Another police officer of the town, called as a witness by the Commonwealth, was asked in direct examination, " Do you know whether or not the place had the reputation at or about that time [July 7, 1893] of being a place where intoxicating liquor was sold? " The witness answered, " Yes, it had the reputation of being a place where liquor was sold." To both questions and answers the defendants objected. The objection was overruled, and the defendants excepted.

The judge instructed the jury that the above testimony was competent, and only to be considered by them as bearing on the question whether the defendants had reasonable cause to believe that the intoxicating liquor alleged to have been brought by them into the town of Maynard at the time in question was intended for sale in said town in violation of law, and that it was to be confined to that issue alone.