COMMONWEALTH *vs.* GEORGE W. CURRIER.

Essex. November 6, 1895. — November 26, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Conviction for bringing Intoxicating Liquors into a Town to be illegally sold.*

In order to justify the jury in finding a verdict of guilty on a complaint for bringing intoxicating liquors into a town to be there sold in violation of law, it is not necessary that they should be satisfied that the defendant began and completed the transportation, but only that he knowingly aided and assisted in bringing the liquor into the town for illegal sale there.

COMPLAINT, for bringing intoxicating liquors into the town of Amesbury, on August 30, 1894, the defendant having reasonable

cause to believe that the same were intended for sale in Amesbury, in violation of law.

At the trial in the Superior Court, before *Lilley,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. E. Batchelder,* for the defendant.

*W. H. Moody,* District Attorney, for the Commonwealth.

MORTON, J.    The defendant was charged with bringing into the town of Amesbury spirituous and intoxicating liquors, having reasonable cause to believe that they were to be sold there in violation of law.    It appeared that Amesbury was what is termed a "no license town."    The defendant was a driver for an express company, doing business between Boston and Amesbury, whose goods came in part by freight by a freight train which arrived at the station in Amesbury daily about ten o'clock in the forenoon.    There was evidence tending to show that on the day named in the complaint the defendant was seen driving from the railroad station in the direction of a hotel called the American House, having amongst other things a sugar barrel in his wagon; that he was found unloading the barrel at a side door of the hotel; that on the head where the tag had been was marked in lead pencil, "10 doz. C"; and that on examination the barrel was found to contain ten dozen bottles of lager beer. There was also evidence tending to show that for several weeks before the day complained of he had been seen delivering twice a week at the American House barrels similar in appearance to the one in question; that he had been seen driving up a passageway by the side of the Attitash House, another hotel, about the middle of August, with a barrel similar to the one in question, and came back without it; that a few hours later, when a raid was made on the Attitash House, a barrel similar to the one in question was found with lager beer in it; and that both the American House and the Attitash House had the reputation in Amesbury of being places where liquor was sold in violation of law.    There was likewise testimony tending to show that he had been in the employment of the express company for about six weeks prior to August 30, and had been seen delivering goods for the express company in Amesbury, and taking goods away from freight cars.    His conduct when he was driving with barrels in

his wagon, similar in appearance to the one in question, and saw any of the officers of the town, also was described, and was before the jury.*

We think that it was competent for the jury to find, on this and the other evidence in the case, that the defendant was guilty of the offence charged. *Commonwealth* v. *Commeskey*, 13 Allen, 585. *Commonwealth* v. *Brown*, 154 Mass. 55. *Commonwealth* v. *Loewe*, 162 Mass. 518.

In order to justify the jury in finding a verdict of guilty, it was not necessary that they should be satisfied that the defendant began and completed the transportation, but only that he knowingly aided and assisted in bringing the liquor into the town for illegal sale there. *Commonwealth* v. *Brown, ubi supra.*

*Exceptions overruled.*

---

* The testimony was that the defendant would keep looking back as if watching, and would look up and down cross streets as he passed; and that when he caught sight of them he would drive on or drive away.