TOM BEASLEY v. STATE.

No. A-340.   Opinion Filed May 16, 1910.

(109 Pac. 238.)

1.  APPEAL—Review of Evidence—Sufficiency.  Where the evidence
    is conflicting, and that on behalf of the prosecution such that
    if believed by the jury a verdict of guilty should result, a judg-
    ment of conviction will not be set aside on the ground that the
    verdict is contrary to the evidence.

2.  INTOXICATING LIQUORS—Indictment—Negativing Exceptions.
    It is not necessary, in an indictment or information for selling
    liquor in violation of art. 3, chap. 61, of Snyder's Comp. L. of
    Okla., that the exceptions contained in art. 1 of said chapter
    be negatived.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

Tom Beasley was convicted of selling whisky; and was sen-
tenced to pay a fine of $50.00 and to be imprisoned in the
county jail for a term of thirty days.  From an order overruling
a motion for a new trial and in arrest of judgment he appeals.
Affirmed.

*James R. Miller,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.  Four grounds for a reversal are
urged here, namely: that the court erred in overruling plaintiff
in error's motion for a new trial; that the court erred in over-
ruling plaintiff in error's motion in arrest of judgment; that the
verdict of the jury was contrary to the law; and that the ver-
dict was contrary to the evidence.

We have examined the evidence and find it conflicting.  The
prosecuting witness testified that he bought whisky from the
plaintiff in error, stating the time and place of the purchase;
the latter in his testimony denied the matter *in toto.*  This pre-
sented a question as to the credibility of the witnesses and the

weight and value to be given to their testimony; and of this the jury were the sole judges. This record shows no such condition as would justify this court in holding that the verdict was contrary either to the law or the evidence.

The motion in arrest of judgment was based upon the failure of the information, which was drawn under art. 3, chap. 61, Snyder's Comp. Laws of Okla., to negative the exceptions contained in article 1 of said chapter. It has already been twice held by this court in construing this same act that it is not necessary that the indictment or information negative the exceptions contained in article one. *Smythe v. State,* 2 Okla. Cr. 286; 101 Pac. 611; *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538. And it would seem that the rule of *stare decisis* would now be applicable to this question.

The assignment that the court erred in overruling plaintiff in error's motion for a new trial presents no question not already considered.

Finding no error, the judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.