# JOHN SCHAVE v. STATE.

No. A-145. Opinion Filed November 23, 1910.

1. APPEAL AND ERROR—Case-Made—Record. An assignment of error based on the overruling of a demurrer to an information, where the record does not show that a demurrer was ever filed or presented, cannot be considered.

2. INTOXICATING LIQUORS—Conveying Liquor — Information. An information charging the unlawful conveyance of liquor from one place in the state to another place therein is not defective for failing to state the place from which the liquor was conveyed, where it alleges that such place was unknown to the informant.

Syllabus.

3. **SAME—Evidence—Sufficiency.** Evidence examined, and held to warrant a finding that defendant was guilty of conveying liquor.

4. **SAME—Information — Negativing Exceptions.** In a prosecution instituted under sec. 4180, Snyder's Comp. L. Okla., making it an offense for any person to convey certain kinds of liquor from one place in the state to another place therein, except the conveyance of a lawful purchase as authorized in a different section, it is not necessary that the information negative the exception contained in the statute.

5. **SAME—Burden of Proof—Matters of Defense.** In a prosecution instituted under sec. 4180, Snyder's Comp. Law. Okla., making it an offense for any person to convey certain kinds of liquor from one place in the state to another place therein, except the conveyance of a lawful purchase as authorized in a different section, the state is not required to prove in the first instance that the liquor conveyed was not a lawful purchase. That it was a lawful purchase is a matter of defense to be raised by the evidence in behalf of the accused.

6. **SAME—Lawfulness of Purchase — Presumption.** In a prosecution for the conveyance of liquor under sec. 4180, Snyder's Comp. L. Okla., if there is no evidence introduced by either party tending to show that the liquor conveyed was a lawful purchase, then the presumption is that it was not such.

7. **SAME—Measure of Proof Required of Defense.** To relieve himself of liability for the conveyance of liquor on the ground that the same was a lawful purchase, the defendant is required to produce only evidence sufficient to raise a reasonable doubt on the whole case as to whether the liquor conveyed was a lawful purchase; and he is not required to prove that it was such by a preponderance of the evidence.

8. **SAME—Instructions—Harmless Error.** An erroneous instruction to the effect that the burden is on the defendant to show by a preponderance of the evidence that the liquor conveyed by him was a lawful purchase, is not prejudicial where the evidence of neither party in any manner tends to show that the liquor conveyed was a lawful purchase.

9. **SAME—Evidence—Competency.** In a prosecution for the unlawful conveyance of. liquor where the proof shows that the defendant was found with the liquor in a certain building and that he did not procure it there, evidence that a few days before the defendant obtained a quantity of liquor of the same kind and brand, and took the same to his home, is competent as a circumstance tending to show a probable connection between the liquor with which he was found and that which he had carried to his home, the probability of the conveyance, and the probable place from which he conveyed it.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

John Schave was convicted of conveying liquor, and he appeals. Affirmed.

*J. M. Frame* and *Roberson & Roberson,* for plaintiff in error. *Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The first and second assignments of error are: "That the court erred in overruling plaintiff in error's demurrer to the information herein," and "that the court erred in overruling plaintiff in error's objection to the introduction of any evidence under the information." The case-made nowhere shows or indicates that a demurrer to the information was ever filed, or that any such objection was ever made to the introduction of evidence; and for that reason neither of these assignments can be considered.

The amended information charged that plaintiff in error did "wilfully and unlawfully carry liquor, to wit, whisky, from one place in the state, to affiant unknown, to another place therein, to wit, the place known as the Fortner Confectionery on Russell Street between Bickfort Avenue and Rock Island Avenue in the City of El Reno, the same not being a lawful purchase as provided by law." After verdict plaintiff in error filed a motion in arrest of judgment, on the ground that the information did not state facts sufficient to constitute an offense in that it did not allege the place from which the liquor was conveyed; and he assigns the action of the court in overruling the motion as error. The court committed no error in this respect. If the place from which the liquor was conveyed was unknown, it was proper to allege that fact; and an information containing such an allegation is not defective because it does not state the place from which the conveyance was made.

It is next contended that the verdict was not supported by the evidence. The evidence on the part of the state was to the effect that a deputy sheriff went into a confectionery on the occasion in question; that plaintiff in error was in the building, and when he

saw the deputy, he immediately went into a back room. The deputy followed him and saw him put a gunny sack in a box as if to hide it. The deputy took the sack and found that it contained a bottle of whisky. The proprietress then came into the room, and seeing the whisky said to plaintiff in error: "What did you bring that around here for? I told you not to. I told you to keep that away from here." And then she said to the officer in plaintiff in error's presence: "That is his. We have nothing to do with it." To all this plaintiff in error said nothing. The proprietress testified that plaintiff in error did not get the whisky in her place of business. Plaintiff in error did not take the stand himself and introduced no witness in his behalf. The evidence was sufficient to warrant the jury in finding that plaintiff in error conveyed the liquor into the building where he was found with it.

The following instruction is complained of:

No. 2. "If you find from the evidence beyond a reasonable doubt, that the defendant carried liquor as charged in the complaint herein, you should find the defendant guilty, unless you should find from the evidence that the defendant has shown by a preponderance of the evidence that the carrying was not unlawful because coming within the terms of a condition or proviso in the statute, or because such carrying was done for specially permitted purposes, or under other circumstances which would relieve him of criminal responsibility."

Without doubt this instruction is an erroneous statement of the law; but when considered in connection with the record in this case, we are unable to perceive how it was prejudicial. The statute makes it an offense for any person to ship or in any way convey any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor, from one place within this state to another place therein, except the conveyance of a lawful purchase as provided for in the act. (Section 4180, Snyder's Comp. L. Okla.) In a prosecution under this statute, it is not necessary that the indictment or information negative the exception contained in the statute. (*Smythe v. State,* 2 Okla. Cr. 286,

101 Pac. 611; *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538; *Beasley v. State,* 3 Okla. Cr. 699, 109 Pac 240.) Nor is it necessary that the state prove in the first instance that the liquor conveyed was not a lawful purchase. That it was a lawful purchase is a matter of defense, to be raised by the evidence in behalf of the accused. (*De Graff v. State,* 2 Okla. Cr. 519, 544, 103 Pac. 538; *United States v. Cook,* 84 U. S. 168, 21 L. Ed. 538.) When the prosecution has proved beyond a reasonable doubt that the defendant conveyed the designated liquor from one place in the state to another place therein, without showing facts sufficient to raise a reasonable doubt as to whether such liquor came within the exception contained in the act, then the burden is on the defendant, if he contends that the liquor was a lawful purchase, to produce evidence sufficient at least to raise a reasonable doubt in the jury's mind upon that question. If he does that, then to warrant a conviction the state must produce evidence sufficient to overcome such reasonable doubt thus engendered, proving beyond a reasonable doubt that the liquor conveyed was not within the exception contended for. And if there is any evidence adduced by either side tending to show that the liquor conveyed came within the exception, then the court should instruct the jury that if, upon a consideration of all the evidence in the case, they entertain a reasonable doubt as to whether the liquor alleged to have been conveyed was obtained by the defendant under circumstances constituting it a lawful purchase, specifying such as the evidence may tend to show, they should acquit. At no stage of the proceeding is it required that facts constituting the liquor a lawful purchase be shown by a preponderance of the evidence. If a reasonable doubt as to the existence of such facts be engendered by the evidence on either side, and remains after an honest consideration of all the evidence in the case, the defendant is entitled to an acquittal. But if the state proves beyond a reasonable doubt that the defendant conveyed the liquor in question from one place within the state to another place therein, and no evidence is adduced by either party

4 Cr.—19

tending to show that the liquor was a lawful purchase, then the presumption that it was not such becomes conclusive; and in such case the court should tell the jury that if they find from the evidence beyond a reasonable doubt that the defendant conveyed the liquor from one place within the state to another place therein, then they should convict, for there being no evidence tending to show that the same was a lawful purchase, the law conclusively presumes that it was not. Now in this case the evidence on the part of the state did not tend in any degree to show that the liquor in question was a lawful purchase, and plaintiff in error introduced no witness and did not testify himself. Therefore when the court came to instruct the jury the state of the case was such that the law conclusively presumed that the liquor which plaintiff in error conveyed, if he conveyed any, was not a lawful purchase. Plaintiff in error therefore was not and could not have been prejudiced by the court's instruction to the effect that the burden was on him to show by a preponderance of the evidence that the liquor was a lawful purchase. He was required to produce evidence sufficient to raise a reasonable doubt upon that question, and he produced none. Where the conditions are such that the law requires of a defendant a certain amount of evidence, and he produces none, he is not prejudiced by an erroneous instruction placing the requirement higher than the law places it.

During the trial certain evidence was offered by the state and excluded by the court as follows:

"Q. You may state, Mr. Hackett, if you were in charge of the jail just prior to this time when some whisky was taken under search warrant from Mr. Schave, from Mr. Schave's residence out on his farm. By Frame: Objected to as incompetent, irrelevant and immaterial, neither proving or tending to prove any of the allegations in this information. By the Court: What is the purpose of that question? By Clark: The purpose is to show that the whisky taken from the residence of this man is identically the same whisky as this that he had at Mr. Fortner's in this case, same brand. By the Court: Sustained. Exceptions. By Clark: State now offers to show by this witness that just a few days prior to the taking of this whisky from Mr. Schave, that the defendant

had obtained from the Rock Island & Pacific depot in El Reno, 16 cases of whisky, of this same brand, and in this same sized bottles, made at the same time and at the same place, and that he took all of the sixteen cases to his residence on his farm, about four miles southeast of this city. By Frame: Objected to as incompetent, irrelevant, and immaterial, neither proving or tending to prove the specific charge of conveying liquor at the time alleged in the information. By the Court: Offer rejected."

Counsel for the state requests us to pass upon the admissibility of the offered evidence. Considering the nature of the charge and the status of the case at the time this proof was offered, we think that the same was competent. If the plaintiff in error had just obtained the whisky, which he was alleged to have conveyed, in the building in which he was found with it, then he was not guilty of conveying liquor from one place in the state to another. *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 538. But on the other hand, if he brought this liquor from his residence out on his farm into the building in town where he had it, then he was guilty of conveying; and proof that he had kept whisky of this same brand at his home, that only a few days before he had obtained sixteen cases of whisky from the depot in El Reno of the same brand and in the same sized bottles, and that he had carried all of the sixteen cases to his farm, would have been a circumstance tending to show a probable connection between the whisky with which he was found and the whisky which he had carried to his home, and the possibility and probability of the conveyance, as well as the probable place from which he conveyed it. *Com. v. Locke,* 114 Mass. 288; *Com. v. McConnell,* 11 Gray, 204; *Com. v. Commesky,* 13 Allen, 585; Black on Intoxicating Liquors, sec. 530. Let the judgment be affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.