# CLARENCE MAYNES v. STATE.

No. A-593. Opinion Filed January 3, 1912.

(119 Pac. 644.)

1. **INTOXICATING LIQUORS—Unlawfully Conveying Whisky—Indictment.** It is not necessary for an information or indictment, charging the unlawful conveyance of whisky from one place to another in this state, to contain an allegation that the whisky is being conveyed for an unlawful purpose, nor for the proof to so show.

2. **INTOXICATING LIQUORS — Unlawful Purchase — Conveyance.** Whisky purchased at an illegal sale cannot be conveyed from the the place of purchase to any other place for any purpose.

3. **INTOXICATING LIQUORS—Lawful Purchase.** A lawful purchase of whisky, as contemplated by our statute at the time this offense is alleged to have been committed, is to be had only by interstate shipment, or from an authorized state dispensary.

4. **INTOXICATING LIQUORS — Lawful Purchase — Conveyance Within the State.** (a) Under the statute, a lawful purchase of whisky cannot be conveyed from one place to another, when such whisky is intended for an unlawful purpose.

(b) A lawful purchase of such liquor, intended for lawful purpose, to wit, a person's own use, may be transported or conveyed from one place to another in this state as may become necessary, so long as no other provision of the prohibitory act is violated.

5. **TRIAL—Instructions—Harmless Error.** When the testimony of an accused on trial clearly shows his guilt, an erroneous instruction given by the court limiting the application of the law is not sufficient to justify a reversal of the judgment.

6. **INTOXICATING LIQUORS—Illegal Conveyance—Evidence.** In prosecutions for unlawfully conveying intoxicating liquor, the state is only required to show by the evidence beyond a reasonable doubt that the intoxicating liquor charged to have been conveyed, or some portion of it, was conveyed as alleged.

(Syllabus by the Court.)

*Appeal from Kingfisher County Court; John M. Graham, Judge.*

Clarence Maynes was convicted of violating the prohibitory law, and brings error. Affirmed.

*D. K. Cunningham,* for plaintiff in error.

ARMSTRONG, J.   The accused was prosecuted by information in the county court of Kingfisher county on a charge of unlawfully conveying three half pints of whisky and four pints of beer from one place in Kingfisher county to another place therein, to wit, from one D. S. Gregg's place of business to about 50 feet north of said Gregg's place of business, and that said conveyance of such intoxicating liquors, as aforesaid, was not then and there the conveyance of a lawful purchase, but was a conveyance of intoxicating liquors purchased from one D. S. Gregg. He was convicted and sentenced to pay a fine of $100 and costs, and to be confined in the county jail for a period of 30 days.

It appears that the accused lived on a farm near the town of Kingfisher, in Kingfisher county, Okla.   On the evening of the 29th of July he drove into town in a buggy, hitched his team a short distance from D. S. Gregg's place of business, took a light laprobe from the buggy, and went into this place.   Sheriff Tate was standing near and saw accused as he went in, and testified that he thought he had an empty gunny sack under his arm at that time; that he came out of the house with something concealed in what he took to be the sack, went to the buggy, and was in the act of placing the package in the buggy when he walked up and found a small block of ice and a few bottles of beer in the laprobe, and two or three bottles of whisky in accused's pockets. The information charges the conveyance of three half pints of whisky and four pints of beer.   The accused denied having carried the beer from Gregg's place of business, but admitted on his own examination that he did carry the whisky.   This is sufficient to justify the conviction.

Counsel's first contention is that the information does not charge an offense, and argues that the offense charged, if it be one, is for carrying three half pints of whisky and four pints of beer from one place in the city of Kingfisher to another place therein, and does not charge that it was being carried for the purpose of selling it or any other illegal purpose.   His contention is that the conveying clause of the statute was intended to cut off conveying intoxicating liquors from one town to another, or

across the country, for the purpose of selling or giving it away, and was not intended to prevent a person from carrying whisky for his own use, whether the purchase be at a lawful sale or not.

We cannot agree that this contention is correct. A person cannot purchase whisky at an illegal sale, and convey it anywhere. The law clearly forbids the conveyance from one place to another of intoxicating liquor for any purpose, except such liquor as is purchased at a lawful sale.

This includes a purchase at an authorized state dispensary, or by means of interstate shipments. Any person who purchases whisky from what is commonly termed a "bootlegger," and carries it any distance, however short, is subject to the same penalty for so doing as the bootlegger is for making the sale.

The law, in our opinion, also forbids the conveyance of a lawful purchase of intoxicating liquor from one place to another, when such purchase is intended for an unlawful purpose. A lawful purchase intended for a lawful purpose, to wit, a person's own use, may be transported or conveyed from one place to another as may become necessary, so long as no other provision of the prohibitory act is violated. The accused in this case is guilty of unlawfully conveying intoxicating liquor under his own testimony.

Counsel contends that, the county attorney having elected to allege the whisky was purchased from D. S. Gregg, it was necessary for the proof to so show. The writer is of the opinion that this is the better rule, but this court has held that the portion of the information alleging from whom the purchase was made is surplusage and need not be proved, and a majority of the present judges reaffirm this doctrine.

Counsel next complains of the following instruction of the court:

"Under the laws of Oklahoma, it is a crime for a person to ship or in any way convey any malt, spirituous, vinous, or fermented liquor from one place within the state to another place therein, except that it is lawful to convey liquor lawfully purchased. By a lawful purchase is meant liquor purchased from a

lawfully constituted agency or dispensary, duly authorized to dispense liquor by the state of Oklahoma."

The instruction should have gone further and included a purchase by interstate shipment.

This instruction, however, was not prejudicial to any substantial right of the accused, because, as heretofore indicated, his own testimony was in effect a plea of guilty under the holdings of this court. The accused did not contend that the liquor was a lawful purchase.

All the state is required to do in cases of this kind is to show by the evidence beyond a reasonable doubt that the intoxicating liquor or some portion of it was conveyed from one place to another place named in the information.

Finding no substantial error in the record, the judgment is affirmed with directions to the trial court to enforce it.

FURMAN, P. J., and DOYLE, J., concur.