# J. T. RUPARD v. STATE.

No. A-988.   Opinion Filed April 20, 1912.

(122 Pac. 1108.)

1. **INTOXICATING LIQUORS—Illegal Conveyance—Evidence.** In prosecutions for unlawfully conveying intoxicating liquor from one place in this state to another place therein, the state is only required to establish by the proof, beyond a reasonable doubt, that the liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in the information.

2. **SAME.** As a matter of defense, a person charged in the courts of this state with conveying intoxicating liquor may prove that the liquor so conveyed was a lawful purchase, intended for a lawful purpose; and when this is done, to the extent of raising a reasonable doubt in the minds of the jury, he is entitled to an acquittal.

3. **APPEAL—Affirmance.** When a person is on trial, charged with unlawfully conveying intoxicating liquor from one place to another in this state, and the proof establishes the conveyance as al leged, and no proof is introduced by the accused, a judgment of conviction is proper, and will be affirmed on appeal.

(Syllabus by the Court.)

*Appeal from Washita County Court;*
*L. R. Shean, Judge.*

L. T. Rupard was convicted of unlawfully transporting intoxicating liquor, and appeals.   Affirmed.

*Massingale & Duff,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error was tried and convicted at the October, 1910, term of the county court of Washita county on a charge of unlawfully conveying intoxicating liquor from one place in the city of Foss to another place in said city.

The proof on behalf of the state shows that the plaintiff in error was suspected of selling intoxicating liquor, and was being

watched by the city marshal; that the plaintiff in error went into a booth in the rear of a pool hall with another person, and was followed by the officer, who began to search the other party, whereupon the accused ran out and started away. The officer pursued him a short distance, and saw him throw a bottle of whisky to one side in the snow. The arrest and prosecution followed. Accused introduced no testimony whatever in his own behalf.

In the case of *Clarence Maynes v. State*, 6 Okla. Cr. 487, 119 Pac. 644, this court held:

"In prosecutions for conveying intoxicating liquor, the state is only required to establish by the evidence, beyond a reasonable doubt, that the intoxicating liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in the information."

In the same case we further held that a lawful purchase of whisky, intended for a lawful purpose, could be conveyed from one place to another. Under this doctrine, the state's case is complete when the proof establishes, beyond a reasonable doubt, that the intoxicating liquor was conveyed as charged.

It is a matter of defense for the accused to establish his innocence to the extent of raising a reasonable doubt in the minds of the jury as to the lawfulness of his possession of the intoxicating liquor and the conveyance thereof.

No evidence having been introduced tending to establish such a defense, the state's case was established, and the judgment of the trial court was proper and right. The record discloses no error prejudicial to the rights of the accused.

The judgment of the trial court is therefore affirmed.

FURMAN, P. J., and DOYLE, J., concur.