## CHAS. BLANKENSHIP v. STATE.

No. A-2009.   Opinion Filed April 4, 1914.

(139 Pac. 840.)

1. JURY—Harmless Error—Right to Particular Juror.  The defendant in a criminal action acquires no vested right to have a particular member of the jury panel sit upon the trial of his case until he has been accepted and sworn.  In the instant case, held that, unless it be shown that an objectionable juror was forced upon the defendant after he had exhausted his peremptory challenges, he has no ground for complaint.

2. INTOXICATING LIQUORS—Unlawful Conveyance—Sufficiency of Proof.  In prosecutions for unlawfully conveying intoxicating liquor, the state is only required to establish by the proof, beyond a reasonable doubt, that the liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in the information.

*Appeal from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Charles Blankenship was convicted of a violation of the prohibitory law, and appeals.  Affirmed.

*Evans & Hardison,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was in the court below convicted of the offense of unlawfully conveying intoxicating liquor. The jury assessed his punishment at a fine of $100 and 60 days' imprisonment in the county jail.  The judgment and sentence was rendered on the 10th day of May, 1913.

Error is assigned on an exception to the refusal of the court for a full jury panel of twelve jurors from which to select a jury of six to try the case.

Counsel cite section 3696, Rev. Laws 1910, in support of their contention.  This provides for a special jury panel in the county court after the regular panel has been discharged, and provides:

"The full number of twelve jurors qualified to try such cause shall be in the jury box, from which a jury of six shall be selected and qualified to try such cause."

That section has no application to the cause. In this case the regular panel was drawn as provided by section 3694, which provides for the drawing of not to exceed 24 names from the jury box.

The record shows that the court made an order requiring the drawing of eighteen jurors. This was done, the jurors summoned, and sixteen appeared. At the time the case was called for trial, only seven of the regular panel remained. From these seven jurors, it appears that the jury was selected to try the defendant.

No authoriites are cited to support the contention made. The defendant in a criminal action acquires no vested right to have a particular member of the panel sit upon the trial of his case until, at least, he shall have been accepted and sworn. 1 Thompson on Trials, sec. 120; *Moore v. State,* 9 Okla. Cr. 9, 130 Pac. 517. What the defendant is entitled to is a trial by an impartial jury of the county. That the defendant had such a jury is not denied. No objectionable juror was forced upon him, and his peremptory right of challenge was not exhausted.

Section 3701 (Rev. Laws 1910) of the chapter on Jurors provides:

"A substantial compliance with the provisions of this chapter shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing and summoning or impaneling the same resulted in depriving a party litigant of some substantial right."

The defendant's contention we must regard as untenable, and without foundation in law.

It is also insisted that the evidence is not sufficient to support the verdict. This contention is based upon the erroneous assumption that no crime was proved, except by the admissions of the defendant.

H. J. King testified that he was a deputy sheriff of Choctaw county, and saw the defendant coming down the road at

the distance of about 50 yards from his house, and saw the defendant take a package from the buggy he was driving and place it on the porch of his home; that he then went to the porch and picked up the package, which contained three quarts of whisky; that he asked the defendant where he got the whisky, and defendant said he bought it from a man down on Red river.

R. H. Manley, city marshal of Ft. Towson, testified that he saw the defendant about 100 yards from his home, and he followed H. J. King, and was present when King seized the whisky, and arrested the defendant, and heard the defendant at that time say that he got the whisky down on Red river.

In prosecutions for unlawfully conveying intoxicating liquor, the state is only required to establish by the proof, beyond a reasonable doubt, that the liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in the information. *Rupard v. State,* 7 Okla. Cr. 201, 122 Pac. 1108; *Maynes v. State,* 6 Okla. Cr. 487, 119 Pac. 644.

The judgment of the trial court is supported by the evidence. There being no error in the record, the judgment is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.