## WEBB v. SHELTON et al.

No. 6748—Opinion Filed June 27, 1916.

(158 Pac. 1128.)

**1. Appeal and Error—Review—Harmless Error—Challenges to Venireman.**

Error in sustaining a challenge to a venireman is not reversible, unless it is made to appear by plaintiff in error that, by reason of the sustaining of such challenge, he was deprived of a trial by a fair and impartial jury.

**2. Jury—Summoning—Power of Judge.**

Under the provisions of section 3693, Revised Laws 1910, the trial court, after the regular panel has been exhausted, is vested with discretion to direct the summoning of talesmen or veniremen under an open venire from such portion of the county as he may order.

(Syllabus by Rummons, C.)

Error from District Court, Choctaw County: Summers Hardy, Judge.

Action by Stephen Shelton against C. L.

Webb and others. Judgment for plaintiff, and defendant Webb brings error. Affirmed.

Dickson & Jones, for plaintiff in error.

Brown, Brown & Brown, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the defendant in error Stephen Shelton against the plaintiff in error and the city of Hugo, to recover for injuries sustained by the falling of the defendant in error Shelton down an unprotected cellar stairway, situated on property owned by the plaintiff in error. Defendant in error had judgment, and after motion for new trial had been overruled and exceptions to such ruling saved, plaintiff in error brings this proceeding in error to reverse the judgment of the trial court.

But two assignments of error are presented herein: (1) That the court erred in excusing from the jury one Floyd Caylor and one J. H. Brader because the said jurors were citizens and taxpayers of the city of Hugo; (2) that the court erred in ordering the bailiff to select as talesmen in the case jurors who were not residents or taxpayers of the city of Hugo, the regular panel of the jury having been exhausted, and it being necessary to summon talesmen to complete the panel. Section 4997, Revised Laws 1910, provides:

" * * * But a resident and taxpayer of the state or any municipality therein shall not be thereby disqualified in actions in which such municipality is a party."

It therefore follows that the fact that Caylor and Brader were residents and taxpayers of the city of Hugo, one of the defendants in the case, did not disqualify them from serving upon the jury, and was not a ground of challenge, but while the court may have committed error in sustaining the challenges of the plaintiff to these two veniremen, yet the record nowhere discloses, nor is it urged by plaintiff in error, that the jury finally selected to try the case was not composed of fair and impartial jurors. It has been held that a litigant has no vested interest in a juror, and that errors in the sustaining of a challenge are not prejudicial so long as the jury impaneled is a fair and impartial jury. City of Guthrie v. Snyder, 43 Okla. 334, 143 Pac. 8; Boutcher v. State, 4 Okla. Cr. 576, 111 Pac. 1006; Turner v. State, 4 Okla. Cr. 164, 111 Pac. 988; Colbert v. State, 4 Okla. Cr. 500, 113 Pac. 558. We find no merit in the first assignment of error presented in the brief of plaintiff in error.

It appears from the record that during the impaneling of the jury the regular panel was exhausted, and that the court thereupon directed the bailiff to summon eight talesmen to complete the jury, and further directed

him not to summon any resident and taxpayer of the city of Hugo, as such talesmen. In this the court committed no error, for the reason that our Code vests the discretion in the trial judge to direct how and from what parts of the county a trial jury shall be completed. Section 3693. Revised Laws of 1910, is as follows:

"At any time during the term of any court, after the petit jury has been drawn and summoned in the manner herein provided for, when, for the trial of any cause, civil or criminal, the regular panel of jurors shall appear to be insufficient, the jury may be completed from talesmen, or the court may direct that an open venire be issued to the sheriff or other suitable person, for such number of jurors as may be deemed necessary, to be selected from the body of the county, or from such portion of the county as the court may order."

The regular panel having proved insufficient, the trial court had full authority under this statute in completing the jury to order the bailiff to exclude residents of the city of Hugo in summoning the eight talesmen required to complete the jury, and to direct him to summon them from the county outside of the city of Hugo. The cases cited by plaintiff in error, while strong and convincing, did not arise under a similar statute.

The judgment of the court below should therefore be affirmed.

By the Court: It is so ordered.