# W. G. DOBBS *et al.* v. STATE.

No. A-2882.    Opinion Filed December 3, 1918.

(176 Pac. 254.)

1. **TRIAL—Argument of Prosecuting Attorney—Evidence—Liquors.**
In a prosecution for unlawfully conveying intoxicating liquor, it
is prejudicial error to allow the prosecuting attorney to tell the
jury that the defendant received the whisky to peddle the same
when the court had refused to permit the defendant to prove the
lawful purchase and purpose for which the liquor was conveyed.

2. **INTOXICATING LIQUORS — Unlawful Conveyance — Insufficiency of Evidence.** See opinion for evidence held insufficient to
sustain the verdicts.

3. **INTOXICATING LIQUORS — Instruction — Evidence.** One defendant, having nothing to do with purchase or transportation of
intoxicating liquor and merely protesting its taking by enforcement officer, was entitled to instruction that he should have benefit of reasonable doubt as to his interest in liquors or knowledge
that codefendant was intending to convey, and to be acquitted.

*Appeal from County Court, Grady County;*
*R. E. Davenport, Judge.*

W. G. Dobbs and Joe Bennett were convicted of violating the prohibitory liquor law, and they appeal. Reversed and remanded.

*Holding & Herr,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiffs in error, W. G.
Dobbs and Joe Bennett, were convicted in the county court
of Grady county at the October, 1916, term on a charge of
unlawfully conveying intoxicating liquor from one place in
Grady county to another place therein, and the punishment
of Dobbs fixed at a fine of $250 and imprisonment in the

county jail for 90 days, and the punishment of Bennett was fixed at imprisonment in the county jail for 30 days and a fine of $50.

The information charges the plaintiffs in error with unlawfully conveying whisky and beer from an unknown point to a point near Acme in Grady county. The record discloses the fact that these men were residents of that part of Grady county formerly included in the territory of Oklahoma; that they were going on a fishing trip, and the plaintiff in error Dobbs put some beer and whisky in the vehicle for personal use on the trip.

The plaintiff in error Dobbs offered to prove that the whisky in question was a lawful purchase made at Ft. Worth, Tex., and brought into this state at a time when it was lawful to do so, and was for a lawful purpose, to wit, the use of himself and his family. The court refused to permit this evidence to be introduced. All of the witnesses say that the plaintiff in error Bennett did not have anything to do with the purchase or transportation of the whisky. It seems that all he did which would in any wise offend either the enforcement officer or any one else was to protest against the whisky being taken. He is not connected with the crime sufficiently to warrant his conviction. On his behalf, the following instruction was requested and by the court refused:

"If from the evidence in this case you entertain a reasonable doubt as to whether or not the defendant Joe Bennett had any interest or ownership in the liquor in question, or had any knowledge that the defendant Dobbs was intending to convey said whisky and beer at the time he accompanied the said Dobbs, you should resolve such doubt in favor of the defendant Joe Bennett, and acquit him."

No instruction was given to the jury submitting this issue. He was clearly entitled to the same under this record. In fact, there appears to be no reason why he should have been prosecuted.

The plaintiff in error Dobbs offered proof to establish the purpose for which the whisky was ordered. He contended, also, that he was entitled to receive and use the shipment of liquor for lawful purposes as defined by this court in *Maynes v. State*, 6 Okla. Cr. 487, 119 Pac. 644. The court refused to permit this proof. Counsel stated at the time that they expected to prove by the witnesses that the whisky had been purchased lawfully in Ft. Worth, Tex., and was shipped to the town of Elgin, Oklahoma, formerly Elgin, Oklahoma Territory, and was taken by the plaintiff in error from this point for his personal use. While he was in the act of conveying the same, the liquor was seized by the officers over the objection of the defendant and confiscated. He also offered to prove that the liquor was not to be sold or used for any unlawful purpose

The court, although he had refused to permit the plaintiff in error to show for what purpose he had received this liquor, did permit the county attorney to argue to the jury that the plaintiff in error received the whisky to sell in violation of the prohibitory liquor law of the state. Objections were made to the argument, exceptions saved, and the proposition brought here for review.

It hardly needs more than a stating of this proposition to condemn it. It is manifestly unjust to refuse a person charged with crime the right to offer proof in explanation or justification of his act, and in the same trial permit a county attorney to argue the very proposition which he desired to explain, and was not permitted to do, as adversely established. It could hardly be reasonably con-

tended that the county attorney was entitled to urge that this plaintiff in error intended to peddle the whisky out at night as a legitimate argument, when the court had denied the plaintiff in error an opportunity to explain the purpose for which he had purchased the whisky and the purpose for which he was conveying the same. Counsel for plaintiff in error had disclosed to the court their contentions under the law and were entitled to have them go to the jury for what they were worth.

The only thing in this record which indicates that the plaintiff in error was a bootlegger or a violator of the law is the argument of the county attorney, which argument is most unfair, in view of the fact that the court refused to permit the plaintiff in error to submit the proof of the lawful purchase and purpose for which the liquor was being conveyed.

For the reasons stated, the judgments herein are reversed, and the cause remanded.

DOYLE, P. J., concurs, and MATSON, J., concurs in the result.