## CROSSLAND et al. v. STATE.

No. 9485—Opinion Filed Dec. 17. 1918.

(176 Pac. 944.)

1. **Intoxicating Liquors—Bone Dry Law—Liquors Intended for Personal Use—Carriers.**

Chapter 186, Session Laws 1917, known as the "Bone Dry Law," does not prohibit the bringing into this state of intoxicating liquors when said intoxicating liquors have been lawfully purchased and intended for personal use. The said act restricts the manner in which it may be brought in, and the extent of the inhibition thus imposed is restricted to a prohibition against receiving it from a common or other carrier directly or indirectly.

2. **Same—Bringing Liquor into State for Personal Use—Confiscation of Vehicle.**

The laws of Oklahoma do not prohibit an individual from bringing into Oklahoma intoxicating liquors lawfully purchased in another state and intended for personal use. provided he brings said intoxicating liquors himself, and a vehicle or automobile in which said intoxicating liquor is being transported is not subject to seizure and confiscation under the law of this state by reason of being used for said purpose. In order to render said vehicle or automobile subject to seizure and confiscation, it must appear that it is being used for the purpose of conveying or transporting intoxicating liquors unlawfully purchased or lawfully purchased with an intent to use the same in some manner prohibited by the laws of this state.

(Syllabus by Springer, C.)

Error from County Court, Harmon County; A. C. Abernathy, Judge.

Proceeding by the State of Oklahoma for the confiscation of two automobiles, with intervention and claim by Grady Crossland and another. Judgment for the state, motion for new trial overruled, and from the judgment and order, claimants bring error. Reversed. and cause remanded, with directions to set aside the order of forfeiture and

to surrender the proceeds to the lawful owners.

Ross Cox, for plaintiffs in error.

Opinion by SPRINGER, C. This action was begun in the county court of Harmon county, Okla., for the purpose of confiscating two certain automobiles. It is charged that the automobiles in question had been used for the purpose of transporting intoxicating liquors. and that by virtue of chapter 188, 1917 Session Laws of Oklahoma, they should be confiscated.

We gather from the record in this case that on or about the 22d day of August, 1917, W. B. Burgess, Walter Crossland. Frank Crossland, and Bob Norman went to Dodsonville, Tex., and secured a gallon of whisky from the express company at that place, and placed the same in one of the cars in question and started back to Hollis, Okla. An officer at Dodsonville, Tex., appears to have been present when the gallon of whisky was procured, and immediately notified the officers at Hollis, Okla., of what had happened. The officers of Harmon county, Okla., apprehended the above-named parties when they crossed the line into Oklahoma. When the parties were apprehended, it appears that they had two cars and that two of the above-named parties were riding in each of the cars. Proceedings were immediately instituted for the purpose of confiscating the cars in question.

Grady Crossland and B. F. Crossland intervened in said proceedings, and claimed the cars in question, and alleged that the cars in question were taken to Dodsonville, Tex., without their knowledge or consent, and that, if said cars were being used in violation of law, the use made thereof was without their knowledge or approval.

A hearing was had, and a judgment entered confiscating the cars in question. A motion for a new trial was filed and overruled. and from the order and judgment overruling this motion an appeal is prosecuted to this court.

When the parties were apprehended there was no whisky found in either of the cars, but the evidence discloses that there was a pint bottle of beer found in one of the cars, and also what is denominated a "beer cartoon." It appears from the evidence that a gallon of whisky was received by the parties in the cars at Dodsonville, Tex., but when they were apprehended in Oklahoma no whisky was discovered. What disposition had been made of the whisky seems to remain an unsolved mystery. Viewing the evidence in the most favorable light possible,

and conceding that the parties found in possession of the cars did in fact bring into Oklahoma one pint of beer or one cask of beer, one "beer cartoon," and one gallon of whisky, was the court warranted in entering a judgment of confiscation?

This question demands an examination of the laws of Oklahoma to see if there has been a violation of the statutory law of this state pertaining to the prohibition act that warrants a judgment of confiscation. The judgment is sought to be justified under and by virtue of chapters 186 and 188 of the Session Laws of 1917.

The part of chapter 186, Session Laws of 1917, that is pertinent to an examination of this question is as follows:

"It shall be unlawful for any person in this state to receive directly or indirectly any liquors, the sale of which are prohibited by the laws of this state, from a common or other carrier.

"It shall also be unlawful for any person in this state to possess any liquor, the sale of which are prohibited by the laws of this state, received directly or indirectly from a common or other carrier. * * * This section shall apply to such liquors intended for personal use, as well as otherwise, and to interstate as well as intrastate shipments or carriage."

Chapter 188, Session Laws of 1917, provides that all vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state from one place to another in this state, in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized.

Section 6, c. 26, Session Laws 1913, makes it lawful for an individual to have in his possession one gallon of whisky or one cask of malt liquors, when there exists no unlawful intent to sell the same or make any unlawful use thereof. In other words, there is no prohibition against the possession of whisky or malt liquors lawfully purchased when the same is held for personal use only. When the amount thus held is not in excess of one gallon of whisky or one cask of malt liquors, the burden is on the state to show that it was not held for a lawful purpose, and when an amount in excess of one gallon of whisky or one cask of malt liquors is found in the possession of an individual, the same is subject to seizure, and the burden of proof is on the defendant to establish that it was being held for a lawful purpose.

Section 3605, R. L. 1910, does not prohibit

the transportation of intoxicating liquors when lawfully purchased, but expressly authorizes it.

Thus the law stood in this state when the cars in question were seized and confiscated. Was there any law in this state which prohibited an individual from bringing into this state intoxicating liquor lawfully purchased, when the same was intended to be used for a lawful purpose, to wit, personal use? We think not. There is not only no law which prohibits it. but, on the contrary, it is expressly authorized. There is but one condition necessary to render such act lawful; there must be an absence of any intent to make an unlawful use of such liquors.

In the instant case the parties found in possession of the cars in question had a right, under and by virtue of the laws of this state, to transport intoxicating liquors lawfully received at Dodsonville, Tex., to Hollis, Okla. There is not an intimation in this record that there was in their possession at any time or place an amount in excess of one gallon of whisky or one cask of beer. The burden of proof was on the state to show that the parties in possession of the cars in question when seized had an intent to make an unlawful disposition of the intoxicating liquors found in their possession. There was no attempt to establish this fact, and no contention is here made on this theory.

The sole contention is that under and by virtue of the terms of chapter 186, Session Laws 1917, known as the "Bone Dry Law," an individual is prohibited from bringing into old Oklahoma any quantity of intoxicating liquors, even though there has been a lawful purchase, and the same is intended for personal use. Such construction is not warranted. The foregoing act only restricts the manner in which it shall be brought into this state. The full extent of the inhibition is that it must not be received from a common or other carrier either directly or indirectly. The terms of the act are plain and unambiguous, and the most cursory examination will disclose that the very spirit and language of the act prohibits an extension of its terms to the length claimed by counsel for the state.

If there is any prohibition against the bringing into this state of intoxicating liquors lawfully purchased in another state and intended for personal use, it must be found in some other provision of our law. If there is any such provision, we have been unable to find it. The uniform construction placed upon our prohibition laws by the Criminal Court of Appeals is that there is no in-

hibition against the transportation of intoxicating liquors from one point in this state to another when there has been a lawful purchase thereof and when the same is intended for personal use. Maynes v. State, 6 Okla. Cr. 487. 119 Pac. 644; Rupard v. State. 7 Okla. Cr. 201, 122 Pac. 1108.

We are constrained to hold that chapter 186. Session Laws 1917, known as the "Bone Dry Law," only restricts the manner in which intoxicating liquors lawfully purchased and intended for personal use may be brought into Oklahoma. The extent of the restriction thus imposed prohibits the receiving of intoxicating liquor from common or other carriers either directly or indirectly, and does not prohibit an individual himself from bringing into this state intoxicating liquors lawfully purchased and intended for personal use so long as he does not use the prohibited means of transportation, to wit, a common or other carrier. That he may bring it into the state himself is too manifest to need argument.

We are therefore of the opinion that the order and judgment of the county court of Harmon county, Okla. should be reversed. and the cause remanded, with directions to set the order of forfeiture aside and surrender the possession of the cars in question to the lawful owners thereof.

By the Court: It is so ordered.