## HENRY McNEAL v. STATE.

No. A-2871.    Opinion Filed April 15, 1919.

(179 Pac. 943.)

1. **INTOXICATING LIQUORS—Unlawful Transportation—Sufficiency of Indictment.** An information for unlawfully transporting intoxicating liquor, which avers that such liquor was transported from a place in this state unknown to the county attorney to another certain place therein, is not defective, on the ground that such information does not sufficiently identify the transaction.

2. **SAME.** Intent is not a material ingredient of the offense of unlawfully transporting intoxicating liquors, and hence it is not necessary to aver, in an information or indictment for such offense, the intent with which such liquors were transported.

3. **SAME—Intent—Evidence.** It is not necessary, to a legal conviction for unlawfully transporting intoxicating liquor for the state, to prove that such liquor was transported with the intent to violate the prohibitory liquor laws of this state.

4. **SAME—Defense.** The only legal defense to a charge of unlawfully transporting intoxicating liquor, such transportation being legally proven, is that the liquor transported was lawfully purchased and intended for lawful use.

5. **SAME—Sufficiency of Evidence.** The evidence in this case carefully considered, and found to fully support the verdict rendered, and an examination of the entire record discloses that the trial was free from error.

*Appeal from District Court, McIntosh County;*
*T. P. Clay, Assigned Judge.*

Henry McNeal was convicted of a second violation of the prohibitory liquor laws, and he appeals. Modified and affirmed.

*C. H. Tully,* for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Henry Mc-Neal, hereinafter referred to as defendant, was informed against for a second violation of the prohibitory liquor laws of this state, the said second violation being for transporting from a place unknown to a designated place in the city of Eufaula, convicted, and sentenced to pay a fine in the sum of $50, to be confined in the penitentiary of this state for a period of 6 months, and to pay the costs of this prosecution, in the sum of $65.35, and, if said fine and costs are not paid, to serve, after the expiration of said 6 months, an additional time, not exceeding 115 days, until said fine and costs are satisfied according to law. To reverse the judgment rendered, he prosecutes this appeal.

The charging part of the information is as follows:

"That Henry McNeal, in the county and state aforesaid, on the 25th day of May, 1915, was informed against by information in the county court of McIntosh county, duly filed on the 26th day of May, 1915, by John F. Vaughn, county attorney, for the crime of 'selling spirituous, vinous, malt, fermented, and intoxicating liquors,' and that on the 8th day of July, 1915, following, the said Henry McNeal personally appeared in open court, and upon arraignment, entered his plea of guilty to said information, and in pursuance of said plea of guilty the said Henry McNeal was by the court, on the 8th day of July, 1915, sentenced to serve a term of 30 days in the county jail of said county and to pay a fine of $50 and costs, and that thereafter, to wit, the said Henry McNeal did in the said county and state, on the 11th day of April, 1916, commit the crime of violating the liquor laws again and for the second time. and in the manner and form as follows, to wit: That the said Henry McNeal, having been duly convicted as aforesaid, did then and there on the 11th day of

April, 1916, knowingly, willfully, unlawfully, and feloniously transport one-half pint of alcohol from a point in said county and state unknown to your informant to a point in McIntosh county, Oklahoma, to wit, near the Missouri, Kansas & Texas Railway depot, in the city of Eufaula, Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information on the grounds:

(1) "That the information does not specifically allege an intention to sell, barter, give away, or otherwise furnish the liquor alleged to have been transported."

(2) "That said information does not show in what manner, or from what place, said liquor was transported."

(3) "That said information does not state facts sufficient to state a cause of action."

The court overruled the demurrer to the information and the defendant excepted.

The evidence in the case is undisputed, and shows that the defendant had, previous to the time that it is alleged that the second offense charged in the information in this case was committed, pleaded guilty in the county court of McIntosh county to a charge of violating the prohibitory liquor laws of this state; that there was taken from the person of the defendant, at the time and place alleged in the information, by the sheriff of McIntosh county, a half pint of alcohol, and at the time said alcohol was taken the defendant remarked to said sheriff "that somebody was going to sell it, and he just as well sell it as anybody"; that at a time, not testified to as being about the time of the commission of said alleged offense, Dr. Shaunty, who was treating the wife of the defendant, directed the defendant to obtain some alcohol to bathe the stomach of said wife.

21--15

The defendant testified that he had gotten the alcohol, which was taken from the defendant's person by the sheriff, in accordance with the instructions of the said Dr. Shaunty, and that he (defendant) did not transport said alcohol with the intent to violate the prohibitory liquor laws of this state. There was no evidence tending to show that said alcohol was purchased without this state, and there was strong circumstantial evidence, brought out by questions propounded to the defendant by a juror, that said alcohol was purchased by the defendant in this state

The defendant demurred to the evidence. The court overruled the demurrer, and the defendant excepted.

The defendant assigns the following errors: (1) Overruling the demurrer to the information; (2) overruling the demurrer to the evidence; (3) overruling the motion for a new trial.

It is earnestly insisted that, because the information does not allege that the defendant intended to sell, barter, or give away said alcohol, or state from what place the defendant transported said alcohol, the demurrer to the information should have been sustained, and with this contention we cannot agree.

It is averred in the information in this case that the place from which said alcohol was transported was unknown to the informant, and that it was transported to a designated place in the city of Eufaula, and these allegations as to the transportation of said alcohol were sufficient.

In *John Schave v. State*, 4 Okla. Cr. 285, 111 Pac. 962, it is held:

"An information charging the unlawful conveyance of liquor from one place in the state to another place

therein is not defective for failing to state the place from which the liquor was conveyed, where it alleges that such place was unknown to the informant.".

It was not necessary to aver in the information the intent with which the transporting of the said alcohol was done. In *Maynes v. State,* 6 Okla. Cr. 487, 119 Pac. 644, it is held:

"It is not necessary for an information or indictment, charging the unlawful conveyance of whisky from one place to another, to contain an allegation that the whisky is being conveyed for an unlawful purpose, nor for the proof to so show."

The Procedure Criminal of this state does not authorize a demurrer to the evidence to be interposed. If the evidence is insufficient to sustain a conviction, the proper procedure is to request the court to direct the jury to acquit the defendant. Section 5896, Rev. Laws 1910; *Frisby v. State,* 5 Okla. Cr. 660, 115 Pac. 472.

However, we will overlook the procedure followed by the defendant in this case, and consider the demurrer to the evidence as a request for a directed verdict of acquittal.

The evidence was undenied that the defendant had, prior to the time of the alleged transporting in this case, pleaded guilty in the county court of McIntosh county to a charge of violating the prohibitory liquor laws of this state, and that he was caught in the act, at the time and place averred in the information, of transporting said alcohol from one place to another certain place in this state; and it not being shown that said alcohol so transported was a legal purchase—a purchase without the state —and the intent with which said defendant transported said liquor being entirely foreign to a defense in this case,

and the fact that the alcohol was transported in accord with the direction of his wife's attending physician, even if it be conceded that the direction of said physician was about the time and applied to the transportation of the alcohol taken from the person of the defendant by the sheriff, and that the defendant was acting in accord with such direction of the doctor, not being a defense to this prosecution, the court would have erred had he directed a verdict of acquittal.

In *Munn v. State*, 5 Okla. Cr. 245, 114 Pac. 272, it is held:

"When a person is charged with conveying intoxicating liquors from a point unknown to some definite point named, and the proof shows that the person so charged, when first discovered, was conveying whisky, and fails to show from what definite point he started with it, it is sufficient."

In *Rupard v. State*, 7 Okla. Cr. 201, 122 Pac. 1108, it is held:

"In prosecutions for unlawfully conveying intoxicating liquors from one place in this state to another place therein, the state is only required to establish by the proof, beyond a reasonable doubt, that the liquor charged to have been conveyed, or some portion of it, was conveyed as alleged in this information."

In *Watkins v. State*, 13 Okla. Cr. 507, 165 Pac. 621, it is held:

"It is unlawful for any person to convey from place to place within this state intoxicating liquors which said person has previously purchased within this state, and it is immaterial whether the person so purchasing such liquor and conveying the same intended to use such liquor lawfully or unlawfully. Intent is not a material ingredient of the offense of conveying intoxicating liquors." *Maynes v. State, supra.*

Upon the reasoning stated and the authorities herein cited, we are of the opinion that the motion for a new trial was properly overruled.

While the record in this case is entirely free from error, we think that the ends of justice will be properly met by a modification of the judgment rendered in this case. It is therefore ordered by this court, under authority of section 6003, Revised Laws 1910, that the judgment rendered in this case be modified, and that, in lieu of 6 months' imprisonment in the penitentiary of this state, the defendant is hereby sentenced to imprisonment in the jail of McIntosh county, Oklahoma, for 3 months, and to pay a fine of $50 and the costs of this prosecution, and, upon failure to pay such fine and costs, he be further confined in said jail, after the expiration of the said 3 months, until the said fine and costs are satisfied as provided by law.

The judgment of the trial court, as herein modified, is affirmed.

DOYLE, P. J., and MATSON, J., concur.