BALDRIDGE et al. v. STATE ex rel. SAYE, Co. Atty.

No. 9972—Opinion Filed Dec. 28, 1920.

(Syllabus by the Court.)

1. Intoxicating Liquors—Lawful Transportation.

Chapter 186, Session Laws 1917, p. 350, known as the "Bone Dry Law," does not prohibit the bringing into the state of intoxicating liquors when said intoxicating liquors have been lawfully purchased and are intended for personal use, provided that the person for whose use said intoxicating liquor is intended, personally transports such liquor into the state.

2. Same—Confiscation of Automobile.

An automobile used by its owner in bringing into Oklahoma intoxicating liquor lawfully purchased in another state and intended for personal use, is not subject to seizure and confiscation under chapter 188, Sess. Laws 1917, p. 352.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by the State of Oklahoma seeking to confiscate an automobile, with intervention and claim by D. M. Baldridge. Judgment for the state. From said judgment rendered, claimant brings error. Reversed and remanded, with directions.

E. G. McAdams, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

COLLIER, J. This action was begun in the county court of Jefferson county December 27, 1917, for the purpose of confiscating one five-passenger Oakland automobile, upon the ground that said automobile had been used for the purpose of unlawfully transporting intoxicating liquor.

The uncontradicted evidence is: That the sheriff of said county, acting under a search warrant, searched said automobile and found therein two quarts of whisky, and seized said whisky and automobile and made return to the county court of such seizure. That the automobile and whisky belonged to D. M. Baldridge and was in his possession at the time of the seizure; that he was en route from Texas to his home at Enid; that he purchased the whisky found in said automobile in Wichita Falls, Texas, for his own personal use.

Upon the conclusion of the evidence the defendant moved the court to dismiss the proceedings and render judgment in his favor, and to return to him his car, for the reason "that the evidence in this case is insufficient to support a judgment confiscating said car." The court overruled said motion, and the defendant excepted.

The court rendered judgment, "That the said Oakland automobile be and the same is hereby declared forfeited to the use and benefit of the state of Oklahoma, and the sheriff of said county is authorized to advertise and sell said car and disburse the proceeds derived by the sale of said car as provided by law," to which the defendant excepted.

Thereafter defendant timely filed a motion for a new trial, which was overruled and exceptions saved, and defendant gave notice in open court of his intention to appeal to the Supreme Court of Oklahoma and, perfected this appeal.

This action is predicated upon chapter 188, Sess. Laws 1917, section 1, p. 352, of which reads as follows:

"All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

We are of the opinion that chapter 186, Sess. Laws 1917, p. 350, known as the "Bone

Dry Law," does not prohibit an individual from bringing into this state intoxicating liquors lawfully purchased and intended for his own use, so long as he does not use prohibited means of transportation.

"As a matter of defense, a person charged in the courts of this state with conveying intoxicating liquor may prove that the liquor so conveyed was a lawful purchase, intended for a lawful purpose; and when this is done, to the extent of raising a reasonable doubt in the minds of the jury, he is entitled to an acquittal." Rupard v. State, 7 Okla. Cr. 201, 122 Pac. 1108.

"A lawful purchase of such liquor, intended for lawful purpose, to wit, a person's own use, may be transported or conveyed from one place to another in this state as may become necessary, so long as no other provision of the prohibitory act is violated." Clarence Mayes v. State, 6 Okla. Cr. 487, 119 Pac. 644; Crossland v. State, 74 Oklahoma, 176 Pac. 944.

We are of the opinion that the evidence is wholly insufficient to support the judgment of condemnation of said automobile rendered, and that the court committed prejudicial error in overruling the motion of the defendant to dismiss the proceedings and release said car.

The Attorney General has filed in this case a confession of error, which, for the reasons hereinbefore stated, we think well taken.

This cause is reversed and remanded, with instructions to the trial court to set aside the judgment of condemnation of said automobile and to release and restore said automobile to its rightful owner, D. M. Baldridge.

All the Justices concur, except KANE and PITCHFORD, JJ., absent.