### O. C. FELTS v. STATE.

No. A-3672—Opinion Filed May 26, 1921.

(198 Pac. 1119.)

Appeal from County Court, Pontotoc County; Orel Busby, Judge.

O. C. Felts was convicted of transporting intoxicating liquor, and he appeals. Judgment reversed on confession of error.

I. M. King, J. P. Crawford, and Reuben M. Roddie, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted on a charge of transporting intoxicating liquor from a certain point in the city of Ada to another certain point in said city on or about the 10th day of February, 1919, and in accordance with the verdict of the jury was

sentenced to be confined for 30 days in the county jail and pay a fine of $50. He appeals from the judgment. The Attorney General has filed the following confession of error:

"Plaintiff in error admitted the possession of the liquor, and admitted that he was conveying it from his home to his office. He claimed that he purchased the liquor in Joplin, Mo., and himself conveyed the same to the state of Oklahoma. He requested the court to instruct the jury that, if they believed from the evidence that he had made a lawful purchase of the liquor in question, and that he himself brought the liquor into the state of Oklahoma, and that the same was brought and intended for his own use, that the jury should acquit him. The court refused to give this instruction, and an exception was taken and allowed. This court, in the case of Maynes v. State, 6 Okla. Cr. 487, 119 Pac. 644, and in other cases, has held that it is no violation of the prohibitory act to convey from one place in this state to another place therein a lawful purchase of intoxicating liquor. The same holding was announced by this court in the case of Rupard v. State, 7 Okla. Cr. 201, 122 Pac. 1108. We feel that under the evidence, plaintiff in error was entitled to the instruction requested, or one covering the question therein presented."

After an examination of the record in the case, we reach the conclusion that the confession of error should be sustained. The judgment of the lower court is accordingly reversed.