## W. L. PHILLIPS v. STATE.

No. A-4617.   Opinion Filed Aug. 18, 1923.
(217 Pac. 1062.)
(Syllabus.)

1. **Appeal and Error—Necessary to Show Juror's Disqualification Before Acceptance Prejudicial.** The defendant in a criminal action acquires no vested right to have a particular member of the jury panel sit upon a trial of his case until he has been accepted and sworn. Where it is contended that the trial court erred in refusing to permit counsel for defendant to ask a certain question of prospective jurors on their voir dire examination, the ruling complained of must have resulted in compelling the defendant to accept one or more jurors possessing statutory disqualifications before he has good ground for complaint.

2.      **Sufficiency of Evidence.** Evidence examined, and ,held sufficient to sustain the verdict and judgment.

Appeal from District Court, McCurtain County; G. M. Barrett, Judge.

W. L. Phillips was convicted of murder, and he appeals. Affirmed.

J. A. Andrews, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. This is an appeal from a judgment of conviction against the defendant in the district court of McCurtain county on the 28th day of September, 1922, in accordance with the verdict of the jury finding the defendant guilty of the crime of murder and assessing his punishment at imprisonment in the state penitentiary for life.

The appeal herein is from the second conviction of defendant. An appeal taken by defendant from the first conviction resulted in a: reversal of the judgment. See Phillips v. State, 20 Okla. Cr. 415, 203 Pac. 902. For a sufficient statement of the facts, reference can be had to the former opinion of this court.

But two questions are involved in this appeal: First, alleged error of the trial court in refusing to permit counsel for defendant to interrogate certain jurors on their voir dire examination. Second, that the verdict is contrary to the evidence.

In support of the first proposition, the case-made contains portions of the voir dire examination of certain prospective jurors, and it appears that certain jurors were asked by counsel for the defendant the following question, in substance: "Will you go into the jury box presuming at this time that the defendant is innocent?" When this question was first asked the court

stated, "The law presumes the defendant innocent, and the state must prove his guilt to your satisfaction beyond a reasonable doubt, by competent and legal evidence, before you can convict him. You are not supposed to have any presumption in the matter at all." To which statement the defendant objected and excepted on the ground that the court told jurors, "That they are not supposed to presume the defendant innocent." Further, it appears that at another time when counsel for defendant asked the same question of another juror the court remarked: "Mr. Sprinkle, and all of you gentlemen, the law presumes the defendant innocent. The point is, Will you go into the jury box giving the defendant the benefit of that presumption until the state proves the defendant's guilt to the satisfaction of your mind beyond a reasonable doubt?" And the foregoing question was answered "Yes." And in the examination of another juror it appears that the trial court stated the legal presumption as above, and received an affirmative reply from the juror subsequently examined.

It does not appear from the record that any of the jurors to whom this question was propounded sat upon the jury in the trial of this case. Nor does it appear that any of them were challenged peremptorily or for cause. The material inquiry here is, Was the defendant deprived, by the action of the trial court in refusing to permit the question propounded to be answered, of any sufficient challenge for cause? In other words, did the action of the trial court prevent the defendant from having a fair and impartial jury to try this charge against him?

The presumption of innocence is a legal presumption and not a personal presumption as stated by the trial court to the jurors. It is a presumption with which the law clothes the defendant at the inception of the trial, and must be overcome on the part of the state by competent evidence, proving the de-

fendant guilty beyond a reasonable doubt. The trial court apparently apprehended that the jury might gain the impression from the question propounded that counsel had reference to the juror's opinion of guilt or innocence rather than to the legal presumption of innocence, and, in order to make the situation plain to the prospective jurors, stated the law as above set forth. Such statement was a correct pronouncement of the law, and, in the absence of any showing that the defendant was by the ruling complained of compelled to accept or did accept one or more jurors possessing statutory disqualifications, there is nothing presented to this court for review. Blankenship v. State, 10 Okla. Cr. 551, 139 Pac. 840, L. R. A. 1916A, 812.

We hold, therefore, that the record before us as to this assignment of error presents no question disclosing any action of the trial court resulting to the substantial prejudice of the defendant.

The second proposition that the evidence is insufficient to sustain the conviction is without merit. One of the state's witnesses was an eyewitness to the tragedy, and testified positively that the defendant waylaid and shot the deceased from ambush, and, after wounding him the first time, and while the deceased was lying prostrate on the ground, ran up to him and fired another shot from a shotgun into the back of his head. There is also some evidence of hostility toward the deceased by the defendant. The defense interposed was that of alibi; the defendant and three of his daughters testifying that he was at home about three quarters of a mile from the place of the homicide at the time the shooting occurred. This conflicting testimony was for the jury to settle. This is the second jury to pass on the sufficiency of this evidence; both juries arriving at a determination that the defendant was guilty and assessing life imprisonment as the punishment for the crime. Under the cir-

cumstances, the conviction will not be disturbed. The defendant is fortunate that the death penalty was not assessed.

The judgment is affirmed.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.