## SCOTT STEWART v. STATE.

No. A-8139.   Nov. 6, 1931.
(5 Pac. [2d] 174.)

294

I. C. Sprague, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McCurtain county of the crime of burglary in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.

Judgment was entered on the 30th day of October, 1930. The appeal was filed in this court on the 29th day of April, 1931.

Defendant contends first that the court erred in overruling his application for a continuance. This application was based upon two grounds: First, the absence of

his leading counsel. The record discloses that his absent counsel resided in Arkansas, and that his other counsel had been present at the arraignment and when the case was set for trial, and was present when the case was called for trial. An application for continuance for the term, on the ground of the absence of leading counsel, is properly denied, where the defendant is duly represented by his other counsel. Payne v. State, 10 Okla. Cr. 314, 136 Pac. 201; Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923; Waldock v. State, 42 Okla. Cr. 331, 276 Pac. 509; Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021.

Defendant's second ground of contention under this assignment is based on the absence of his mother, who resides in Arkansas and was sick.

No subpoena was issued for this witness and no effort made to take her deposition or to have her present at the trial.

Before a defendant is entitled to a continuance on account of the absence of a material witness, he must have exhausted all of his legal remedies to get the witness. McCarter v. State, 14 Okla. Cr. 305, 170 Pac. 712.

There being no showing of diligence on the part of the defendant, it was not error for the trial court to overrule his application for a continuance upon this ground.

Defendant next contends that the court erred in overruling his motion to quash the panel of the jury.

It appears from the record that in January, 1930, the jury commissioners met as required by law, and selected the names of 200 jurors to be placed in the jury box for the district court of McCurtain county for the year 1930; that thereafter and at the January term of said court, 40 of such names were drawn from the jury box to

constitute a jury panel for that term, and that no other names were drawn from the box. It further appears that the jury commissioners met on July 30, 1930, and learning that 160 names still remained in the jury box, they certified that it was not necessary to prepare a further list of names to be placed in the jury box, and, on order of the court, adjourned.

Section 3515, C. O. S. 1921, provides:

"Said jury commissioners shall meet in the office of the county clerk, on the first Monday in January and July of each year, and at such other times as the district judge may order, and, after taking and subscribing their official oath, they shall proceed to select, for the district court, one list of names, of not less than two hundred persons, or such other number as the district judge may order, and a second and different list for the county court, of not less than two hundred names, or such other number as the county judge may order, which lists shall be selected from the names on the tax rolls of the county. No name of any person who does not possess the qualifications of a juror as prescribed by this chapter, or who has served upon a regular jury panel within the preceding twelve months, shall be placed upon a jury list. Each jury list shall be made up of names of persons from the various municipal townships in the county in proportion, as nearly as practicable, to the voting strength of such township."

While a drawing of a list of names is contemplated both in the months of January and July of each year, it is nowhere provided in the statute that this is mandatory, but on the contrary, by section 3526, C. O. S. 1921, it is provided that a substantial compliance with the provisions of the chapter shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen thereunder, unless the irregularity in drawing, summoning, or

impaneling the jury resulted in depriving the defendant of some substantial right.

The defendant has no vested right to have any particular member of the jury panel to sit upon the trial of his case. Blankenship v. State, 10 Okla. Cr. 551, 139 Pac. 840, L. R. A. 1916A, 812; Littrell v. State, 21 Okla. Cr. 466, 208 Pac. 1048; Phillips v. State, 24 Okla. Cr. 259, 217 Pac. 1062; Michael v. State, 42 Okla. Cr. 124, 274 Pac. 900.

As has been frequently held by this court, defendant's right is one of rejection rather than selection. It is sufficient if he has been furnished a fair and impartial jury possessing the statutory qualifications to try his case. There is nothing in the record to show that he did not have the fair and impartial jury that the Constitution guarantees him, nor anything in the record to indicate that the defendant exhausted his peremptory challenges, nor that any objectionable juror was forced upon him. It would be ridiculous for this court to hold that, because these names were drawn in the month of January, instead of the month of July, that fact alone deprived the defendant of a fair and impartial jury, and yet that is all that can be said about this irregularity. The irregularity in failing to draw an additional number of names of qualified persons in July did not deprive him of a fair and impartial jury.

Defendant further contends that the trial court erred in overruling his motion to quash the information.

This motion was based on the allegations that the defendant had never been accorded a preliminary examination, and had never waived the same.

The record discloses that defendant on arraignment entered his plea of not guilty; that thereafter he filed his motion to quash the panel and his motion for a continuance; and that after the jury was impaneled to try the case, he asked leave of court to withdraw his plea of not guilty for the purpose of filing his motion to quash the information, which application was by the court denied.

If defendant desired to move to quash the information on the ground that he had not been accorded a preliminary examination nor waived the same, he must do so before he pleads to the information in the district court. His plea to the merits without moving to quash the information amounted to a waiver of the right to a preliminary examination. Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277; Stamper v. State, 25 Okla. Cr. 324, 220 Pac. 67; Browning v. State, 31 Okla. Cr. 373, 239 Pac. 272.

There is no contention that the evidence in the case is insufficient to support the verdict and judgment.

The errors of law complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.