Ovella EMBRY, Plaintiff in Error,

v.

Donald Wayne WEEKS, Defendant in Error.

No. 41401.

Supreme Court of Oklahoma.

Dec. 6, 1966.

Hardin Ballard, Purcell, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Montgomery & Montgomery, by Henry H. Montgomery, Purcell, for defendant in error.

LAVENDER, Justice.

Plaintiff in error, hereinafter called plaintiff, sued the defendant in error, hereinafter called defendant, for damages for personal injuries allegedly sustained by her in a collision at the Y-shaped intersection of U. S. Highway 77 and State Highway 59 just south of Wayne, Oklahoma, between a Chevrolet sedan being driven by plaintiff's husband, in which she was a passenger, and a Falcon station wagon being driven by the defendant. Immediately prior to the collision, the Embry car was proceeding southward, and the defendant's car was proceeding northward on U. S. 77, and the collision occurred as the Embry car was making a left-hand turn into the northerly arm of the "Y" to proceed eastward on State 59. The case was tried to a jury which returned a unanimous verdict in favor of the defendant and against the plaintiff, and judgment was entered accordingly. Plaintiff's motion for a new trial was overruled, and she perfected this appeal to this court.

Plaintiff presents her argument for reversal of such judgment under three propositions, the first one of which, as we understand her argument, is that the trial court erred in not excusing, on its own motion, one of the prospective jurors who had stated in answering questions on voir dire examination that his daughter-in-law was employed, at that time, as a secretary in the office of the defendant's attorneys, and in refusing to allow plaintiff to state her challenge to such prospective juror out of the hearing of the jury panel, thus requiring her to state her challenge within the hearing of the panel and prejudicing the plaintiff. Although the case-made does not include a transcript of the voir dire examination of such prospective juror, it does include a transcript of the proceedings concerning this challenge, which indicates that the challenged juror had also stated in answering questions on voir dire that he would, if selected, render an impartial verdict on the evidence; that at the time plaintiff had not used any of her peremptory challenges; that after such challenge, on the ground

of "implied bias," had been made within the hearing of the jury panel, the trial court excused such prospective juror, not on any ground of challenge provided in the applicable statute (12 O.S.1961, § 572) but as stated by the court:

"* * * by reason of the relationship that exists between you and your daughter-in-law who works, as you have stated, in the office of the firm of Montgomery and Montgomery, and by reason of the fact that the Court has a sufficient number of jurors, I'm going to excuse you from further consideration of this case. There is no reflection on anybody or anything, it's just that we've got an adequate number of jurors. It might or might not be embarrassing but there is no reason why we should subject you to that, since we have other jurors, so you may step down * * *"

and that after another prospective juror was called, neither party asserted any further challenges, and the jury was accepted and sworn to try the cause.

Plaintiff cites no case, and we have found none, wherein the same or a similar situation or question was presented or where it was held that failure of the trial court, on its own motion, to excuse a prospective juror for cause shown or suggested by voir dire examination would be reversible error. The Oklahoma statutes concerning juries do not provide for any challenge to a prospective juror, for any cause, to be made out of the hearing of the jury panel; and the plaintiff cites no case, and we have found none, wherein that was allowed. Although the cases are not in point on the facts in that the plaintiff herein is not contending that the prospective juror involved should not have been excused, this court has held, insofar as jurors are concerned, that all that a party to an action is entitled to is to have his or her case tried by a fair and impartial jury composed of competent, disinterested jurors. Webb v. Shelton et al., 59 Okl. 224, 158 P. 1128; Bank of Buffalo v. Venn, 68 Okl. 43, 171 P. 450. Even in a criminal prosecu-

tion, that is all that the accused is entitled to insofar as jurors are concerned. Constitution, Art. 2, Sec. 20; Stewart v. State, 52 Okl.Cr. 293, 5 P.2d 174. Plaintiff herein does not contend that the jury as finally selected was not a fair and impartial jury composed of competent, disinterested jurors. Even if erroneous, the trial court's original inaction, and subsequent action, complained of by the plaintiff, was not prejudicial error.

Plaintiff's second proposition is that the trial court erred in excluding certain material and competent exhibits offered as evidence by the plaintiff. The exhibits in question consisted of the damaged front bumper and damaged right-front fender from the defendant's Falcon and several photographs of the Embry Chevrolet. The person who removed these parts from the defendant's vehicle testified that he had removed them by merely unbolting them from the rest of the car, without bending either of them, and that, except for accumulated rust, they were in substantially the same condition as when he removed them from the defendant's car. The photographs of the Embry car were taken in a junked-car lot several months after the collision, but the plaintiff's adult son, who had seen the vehicles at the scene of the collision shortly after the collision, testified that except for accumulated rust and the fact that the engine had been removed from the car some time before the photographs were taken the condition of the car as shown in the photographs was substantially the same as when he saw the car at the scene of the collision.

The purpose of the offered exhibits, according to the brief of the plaintiff, was "* * * to show the force and violence of the impact as the second factor in determining the speed (of defendant's car)."

Two of the plaintiff's witnesses testified as experts, based on skid marks and other factors, as to the speed of the defendant's vehicle. The offered pictures and auto parts therefore would have been merely cumulative.

▪ The admission, or rejection, of such evidence is within the discretion of the trial court, and absent a showing of an abuse of that discretion this court will not consider such action to be reversible error. City of Tulsa v. Pearson, Okl., 296 P.2d 788.

▪ The trial court, we feel, was justified in refusing to admit the pictures because, according to the testimony, they did not accurately depict the condition of the automobile as it was immediately after the collision. The motor and hood, as well as the left front fender, of the car had been removed before the pictures were taken.

Another reason why the trial court was justified in refusing the exhibits was that there was no offer made to prove by any witness that the physical damage depicted in the pictures indicated any specific speed on the part of the defendant's vehicle prior to the accident. The exhibits standing alone would certainly not establish the speed, but apparently the plaintiff was attempting to get them admitted for that avowed purpose.

We are of the opinion, therefore, that plaintiff's proposition two is without merit.

▪ Plaintiff's third and last proposition that the trial court erred in forcing the jury into a hasty and insufficiently considered verdict, which was returned at seven o'clock p. m. on the day of the trial, by requiring them to return a verdict before being allowed to have the evening meal, is not supported by the facts as set forth in the case-made and in the briefs of the parties. Therefore, this proposition is without merit and must be denied.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN and HODGES, JJ., concur.

BERRY, J., concurs in result.

HALLEY, C. J., and WILLIAMS, J., dissent.